**Andre Steffon LASKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–91–00851–CR.**

Court of Appeals of Texas, Houston (1st Dist.), 1992.

Aug. 13, 1992.

Larry P. Urquhart, Brenham, for appellant.

Peter C. Speers III, Dist. Atty., Kathleen A. Hamilton, Asst. Dist. Atty., for appellee.

Before OLIVER–PARROTT, C.J., and JONES and PRICE *, JJ.

## OPINION

PRICE, Justice (Assigned).

Appellant, Andre Steffon Lasker, was convicted by a jury of murder, and the jury assessed appellant's punishment at confinement for 99 years. In 11 points of error, appellant complains of improper jury argument, admission of prejudicial evidence, and ineffective assistance of trial counsel.

The record shows appellant and Ronald Juan Harris, the victim, attended a birthday party on November 21, 1990, in Brookshire, Texas. Sometime after midnight, Dan Williams and Harris had an argument near stairs leading to the second story apartment where the party was taking place. As Williams walked away from Harris, appellant came out of the apartment, walked down the stairs, and began arguing with Harris. Appellant and Harris shoved each other; appellant produced a pocket knife and stabbed Harris in the chest.

Harris fell to the ground. Several bystanders tried to administer life-saving procedures, but backed off when appellant returned and displayed a knife. Twice, appellant prevented the bystanders' efforts by standing over Harris and yelling, "Die, motherfucker, die."

In points of error one and two, appellant complains the prosecutor made improper references to his failure to testify during closing argument at the guilt-innocence phase of the trial.

As a general rule, a prosecutor may comment on the failure of a defendant to call witnesses. *Montoya v. State,* 744 S.W.2d 15, 36 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988); *Mosley v. State,* 686 S.W.2d 180, 183 (Tex.Crim.App.1985). However, a prosecutor's comment on a de-

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

fendant's failure to testify offends both the state and federal constitutions. *Owen v. State,* 656 S.W.2d 458, 459 (Tex.Crim.App. 1983); *Nickens,* 604 S.W.2d 101, 105 (Tex. Crim.App.1980) (op. on reh'g); *Pollard v. State,* 552 S.W.2d 475, 477 (Tex.Crim.App. 1977). The language of such a comment must be either manifestly intended or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Griffin v. State,* 554 S.W.2d 688, 691 (Tex. Crim.App.1977); *Hicks v. State,* 525 S.W.2d 177, 180 (Tex.Crim.App.1975). If, instead, the comment is an indirect allusion that might refer to the defendant's failure to testify, reversal is not required. *Cannon v. State,* 691 S.W.2d 664, 667 (Tex.Crim. App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986).

■ To be permissible, jury argument must fall within one of four general areas: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement. *Albiar v. State,* 739 S.W.2d 360, 362 (Tex.Crim.App. 1987); *Bell v. State,* 724 S.W.2d 780, 802–803 (Tex.Crim.App.1986), *cert. denied,* 479 U.S. 1046, 107 S.Ct. 910, 93 L.Ed.2d 860 (1987); *Morris v. State,* 755 S.W.2d 505, 509 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Counsel may draw inferences from the record that are "reasonable, fair, and legitimate." *Allridge v. State,* 762 S.W.2d 146, 156 (Tex.Crim.App.1988), *cert. denied,* 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1989).

■ The complained of jury argument occurred after defense counsel spoke of the State's failure to subpoena, and call as witnesses, more of the persons present at the party:

> Now, there is another problem in this case that I think that will—it alone would raise some reasonable doubt in your mind.
> We have a pretty good police organization in this state. And why didn't they bring in more witnesses who were not connected family wise or to either one or the other, to the deceased, or to Danny.

Why didn't they bring in some more? There's no question but that there are other witnesses out there.

> It's the State's duty to bring you the whole case. There's bound to be some witnesses that could have cleared up some questions in your mind as to whether that knife was in the right hand or the left hand, as to whether this man even had a knife.

In response, the prosecutor began his summation with the following statement:

> Thank you, judge. Let's talk about this right here for a second. Counsel would have you believe that that's a sacred pew, that only the State's witnesses come in and use it. That's not true. The State has the right to present evidence; *the defendant has the right to go out and present a case.*

(Emphasis added.) Defense counsel objected to this comment, and the trial court sustained the objection. The trial court stated, "The jury is instructed that the defendant's bringing or not bringing witnesses is not a matter to be considered by you," then denied counsel's request for a mistrial.

We find the prosecutor's remark, "the defendant has the right to go out and present a case," was a response to defense counsel's argument that the State should have called more witnesses to the offense. This remark was neither a direct nor an indirect comment on the failure of appellant to testify. The prosecutor did not refer to appellant; he merely alluded to the rights of defendants, in general. We hold this argument was not error.

■ Appellant also complains of the following argument by the prosecutor:

> Now, there's something else that really concerns me about this entire situation in that we have, because of a dead man, the ability to tell you what his blood alcohol content was, and what he had in his system as far as any kind of cocaine. *But we do not have the ability, ladies and gentlemen, to tell you what was in Andre Lasker's system . . . .*

(Emphasis added.) Again, defense counsel objected, the trial court sustained the objection, and denied counsel's request for a mistrial. The trial court instructed, "The jury is not to consider any consideration of the defendant's condition. In compliance with the Court's charge, the defendant need not put on any testimony at all. The Court's charge speaks for itself in that regard."

We find the prosecutor's comments were reasonable deductions from evidence of the victim's blood-alcohol and cocaine use that Dr. Espinola, the medical examiner, brought to the jury's attention. In addition, the prosecutor's argument responded to arguments of defense counsel that, "There was cocaine there [at the party]; we know because we've got a scientific result," and "We know there was alcohol there, because we have the scientific test of it." As such, the prosecutor's comment was invited jury argument and was not error. *Allridge*, 762 S.W.2d at 156; *see Long v. State*, 823 S.W.2d 259, 269–70 (Tex. Crim.App.1991) (State's argument that there was no way of knowing what defendant's mental state was at time of extraneous offenses was invited argument). We overrule points of error one and two.

In point of error three, appellant contends the trial court erred in overruling his objection at the punishment stage of trial to the admission of two photographs of an extraneous offense for which he was adjudicated a delinquent and sentenced to a term in the Texas Youth Council. The State introduced the photographs in support of its showing appellant's propensity for using a knife to assault his victims. The photographs showed the owner of a convenience store in Brookshire, with blood on his head after he was allegedly assaulted with a knife by appellant. Appellant was 16 years old when the offense occurred.

The jury was removed from the courtroom, and defense counsel objected to the admission of the two photographs, pointing to the fact this misconduct committed by appellant occurred while he was a juvenile, and asserting the prejudicial and inflammatory impact of the photographs greatly outweighed any probative value. The trial court overruled the objections, and the two photographs were admitted into evidence.

To be admissible, evidence must be relevant to a contested fact or issue. *Stone v. State*, 574 S.W.2d 85, 89 (Tex.Crim.App. 1978); TEX.R.CRIM.EVID. 401. To determine admissibility, the court should compare its probative value with its prejudicial aspects. *Albrecht v. State*, 486 S.W.2d 97, 99–100 (Tex.Crim.App.1972); TEX.R.CRIM.EVID. 403. The determination of admissibility is within the sound discretion of the trial court, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex. Crim.App.1979), and will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner v. State*, 711 S.W.2d 639, 643 (Tex.Crim.App.1985); *Johnson v. State*, 698 S.W.2d 154, 160 (Tex.Crim.App. 1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Nubine v. State*, 721 S.W.2d 430, 432 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd).

Effective September 1, 1989, the Texas Code of Criminal Procedure was amended to provide:

> Regardless of the plea ... evidence may, as permitted by the Rules of Evidence, be offered by the state ... *as to any matter the court deems relevant to sentencing*, including the prior criminal record of the defendant, his general reputation and his character.

TEX.CODE CRIM.P.ANN. art. 37.07, § 3(a) (Vernon Supp.1992) (emphasis added).[1] This Court has concluded that 37.07, section 3 permits the trial court to admit evidence beyond that of the defendant's criminal record, his general reputation, and his character. *Rexford v. State*, 818 S.W.2d 494, 496–97 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). We will follow *Rexford* in order to maintain consistency among our panels on this point of law, while awaiting the decisions of the Court of Criminal Appeals in the cases for which it has granted discretionary review of this issue.

---

1. Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex.Gen.Laws 3492.

■ To be relevant, the matter offered must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Long*, 823 S.W.2d at 271. TEX.R.CRIM.EVID. 401. In the present case, the "determination of the action" was assessment of punishment. We find evidence of the previous assault with a knife was relevant to assessment of punishment and was not unfairly prejudicial.

■ Next, this Court must determine whether the probative value of the photographs was substantially outweighed by their prejudicial effect. *Long*, 823 S.W.2d at 271–75; TEX.R.CRIM.EVID. 403. The Texas Court of Criminal Appeals has constructed a framework for our analysis in this regard, setting forth the following factors to be considered by a reviewing court: number of exhibits offered, their gruesomeness, their detail, their size, whether they are black and white or color, whether they are close-up, whether the body is naked or clothed, and availability of other means of proof and the circumstances unique to each individual case. *Long*, 823 S.W.2d at 272.

The State offered two photographs of the convenience store owner. The pictures are not gruesome: they depict the victim's head and torso and show some blood on the victim's face and shirt. Other means of proof were offered for the jury's consideration. Joe Garcia, Chief of Police, Brookshire, Texas testified about the incident and the fact the victim required 25 stitches. We hold the probative value of the pictures, admitted to show appellant's propensity for using a knife to assault his victims, was not substantially outweighed by their prejudicial effect. The trial court did not abuse its discretion in admitting State's exhibit numbers 5 and 6.

In points of error four through 11, appellant complains of ineffective assistance of trial counsel during the punishment phase of his trial.

■ The standard of review of effectiveness of counsel is gauged by the totality of representation of the accused. *Ex parte Duffy*, 607 S.W.2d 507, 516 (Tex. Crim.App.1980). The constitutional right to counsel does not mean errorless counsel or counsel whose competency is judged by hindsight. Rather, the right to effective assistance of counsel means counsel reasonably likely to render reasonably effective assistance of counsel. *Ex parte Cruz*, 739 S.W.2d 53, 57–58 (Tex.Crim.App.1987). An isolated failure to object to certain procedural mistakes or improper evidence does not necessarily constitute ineffective assistance of counsel. Neither is counsel rendered ineffective merely because counsel may have made a mistake during trial and other counsel might have tried the case differently. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App.1984).

In the punishment phase of a noncapital trial, we apply the *Duffy* standard of reasonably effective assistance of counsel. *Ex parte Walker*, 777 S.W.2d 427, 430–31 (Tex.Crim.App.1989). This standard also requires a showing of harm due to the alleged ineffective assistance. *Stone v. State*, 751 S.W.2d 579, 582 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd).

In points of error four through 11, appellant points to various instances where he was denied effective assistance of counsel because counsel failed to object to or allowed introduction of evidence: Chief Garcia's testimony regarding an extraneous offense; Chief Garcia's testimony of "Many ... opportunities to handle cases involving Andre Lasker as a defendant"; Chief Garcia's testimony regarding an extraneous offense in which appellant stabbed another individual with a knife; testimony of Chief Garcia and John H. Williams, Jr., that appellant was adjudicated a delinquent for an assault offense committed against a convenience store owner on March 26, 1987; Chief Garcia's testimony regarding extraneous offenses allegedly committed by appellant after his release from Texas Youth Council; Chief Garcia's opinions about the severity of the crack cocaine problem and the punishment a person who delivers crack cocaine should receive; testimony of John H. Williams, Jr., about why appellant spent more than one year in the custody of

the Texas Youth Council; and testimony from John H. Williams, Jr., that appellant did not complete high school and that the convenience store owner "was knifed and it required 25 stitches."

▆▆▆ As previously discussed, trial counsel objected to the State's introduction of photographs of injuries sustained by the convenience store owner. The trial court overruled the objection and allowed the introduction of the photographs. Although appellant complains trial counsel failed to lodge further objection to Chief Garcia's testimony about the facts of the assault, we note the photographs had already been admitted. If the trial court properly admitted the photographs as relevant evidence, the testimony about the assault was also relevant.

▆▆▆ Chief Garcia testified he had an opportunity to investigate the offense and interview the victim, and after doing so, determined appellant was the suspect. A witness may testify about facts within his personal knowledge. Chief Garcia was asked by the prosecution, "And if you know, what was the final [de]termination for that offense?" Chief Garcia answered appellant was sentenced to a term in the Texas Youth Council for about 14 months.

▆▆▆ There is no error in failing to object to evidence that is admissible. *See Pena v. State,* 776 S.W.2d 746, 750 (Tex. App.—Corpus Christi 1989, pet. ref'd). Thus, trial counsel's failure to object to admissible evidence is not ineffective assistance of counsel. *Burnett v. State,* 784 S.W.2d 510, 514–15 (Tex.App.—Dallas 1990, pet. ref'd).

▆▆▆ During direct examination of Chief Garcia, the trial court admitted evidence showing appellant had previously been adjudicated for two other stabbings and was on probation for selling "dope" when he committed the murder. In cross-examination, trial counsel elicited Chief Garcia's statement that possession, delivery, and use of crack cocaine is so prevalent in the community there is discussion of its penalty being reduced from a felony to a misdemeanor. By eliciting this testimony, trial

counsel could have been trying to lessen the effect of the fact appellant was on probation for the narcotics charge when he committed the murder. Trial counsel also attempted to elicit from Chief Garcia testimony that more people are killed on the highways from the abuse of alcohol than people killed from taking crack cocaine. Chief Garcia, however, answered he did not know the exact statistics. Although counsel for appellant was unsuccessful in this line of cross-examination, we do not find his trial strategy rose to the level of ineffective assistance. *See Saylor v. State,* 660 S.W.2d 822, 824 (Tex.Crim.App.1983).

▆▆▆ Appellant also complains that testimony by John H. Williams, Jr., Director of Juvenile Services for Waller County, "probably could have been excluded if defense counsel had made the appropriate objections." However, appellant does not explain what "appropriate objections" should have been made.

Williams testified about the juvenile adjudications of appellant, including the formal proceedings. Williams also testified from his personal knowledge about appellant's home environment and his general reputation in the community. Williams' testimony was permissible under Texas Rules of Criminal Evidence 401, 404(b), and 404(c).

Trial counsel also attempted, unsuccessfully, to lessen the effect of the assault on the convenience store owner. He elicited from both Chief Garcia and Williams that the store owner's head injuries were caused when a pickle jar was thrown at his head, and were not inflicted by appellant.

Examining the record as a whole, we hold appellant was not denied effective assistance of counsel. We overrule points of error four through 11.

The judgment of the trial court is affirmed.