**Andre Steffon LASKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1328–92.**

Court of Criminal Appeals of Texas,
En Banc.

Jan. 13, 1993.

Larry P. Urquhart, court appointed on appeal, Brenham, for appellant.

Peter C. Speers, III, Former Dist. Atty. & Kathleen A. Hamilton, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of murder. The jury assessed punishment at ninety-nine years imprisonment. This conviction was affirmed. *Lasker v. State*, 837 S.W.2d 727 (Tex.Cr.App.1992).

The Court of Appeals held that photographs of the victim of an assault for which appellant was adjudicated delinquent as a juvenile were admissible at the punishment phase pursuant to the amendment of Article 37.07, § 3(a), V.A.C.C.P., which permits the admission of "any matter the court deems relevant to sentencing." The Court of Appeals also found that trial counsel was not ineffective at the punishment phase, basing part of the analysis of this issue on a holding that other evidence of unadjudicated extraneous offenses was admissible under this same provision.

Appellant petitions for review of these holdings, arguing that the amendment of Art. 37.07, § 3(a) did not permit admission of unadjudicated offenses.[1] We have subsequently agreed that unadjudicated extraneous offenses are not rendered generally admissible at the punishment phase of trial under this amendment of Art. 37.07. *Grunsfeld v. State*, 843 S.W.2d 521 (Tex. Cr.App. No. 1037–91, delivered October 28, 1992). Consequently, appellant's petition for discretionary review is summarily granted, and the cause is remanded to the Court of Appeals for reconsideration in light of our opinion in *Grunsfeld.*

---

1. Appellant also argues that the photos were not admissible under a different amendment to Art. 37.07, § 3(a), V.A.C.C.P., which permits admission of evidence of some adjudications of delinquency. *Appellant claims that the offense which was the basis for the adjudication was committed prior to the effective date of this* amendment, and the bill effecting the amendment contained a proviso that it applied only to offenses committed on or after the effective date of the amendment.

The Court of Appeals did not address admissibility of any evidence under this amendment, so we need not address it here.