Larry Ray CHAPMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–00175–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 8, 1993.

Rehearing Denied Aug. 31, 1993.

Loren A. Detamore, Houston, for appellant.

John B. Holmes, Ernest Davila, Houston, for appellee.

Before O'CONNOR, HEDGES and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant, Larry Ray Chapman, guilty of the offense of unauthorized use of a motor vehicle. Appellant pled true to two prior felony convictions, and the jury assessed his punishment at 60–years confinement. Appellant asserts 10 points of error on appeal. We affirm.

### Fact Summary

While driving near his home, appellant was stopped by two Houston Police Department officers because his rear license plate was not visible. When they approached the car, the officers noticed the rear vent window was broken, the steering column was broken, and a screwdriver was lying on the front seat. When asked for identification, appellant gave the officers a driver's license with someone else's picture on it. He claimed the owner of the license, Johnny Evans, was his cousin, and the car belonged to him. The officers took appellant to a relative's house, where a relative identified him. When the officers could not contact Evans by telephone, they arrested appellant for suspicion of auto theft. The car was registered to someone else, Lincoln Murphy.

### 1. Assignment of a visiting judge

In point of error one, appellant argues the trial judge, the Honorable Jimmy James, was not properly assigned to act as the presiding judge of the 262nd District Court of Harris County, Texas, pursuant to TEX.GOV'T CODE ANN. § 74.056 (Vernon 1988).

Appellant argues the presiding judge was required to appoint a visiting judge for a certain number of days, and the appointment for an indefinite period violates the Texas Constitution. He contends the failure of the appointment to specify the period of the appointment rendered the assignment invalid.

The assignment of Judge James, which was on a fill-in-the-blank form, reads in part as follows:

> Pursuant to Section 74.056, Tex.Govt. Code, I hereby assign the Honorable Jimmy James Former Judge of the 248th District Court To the 262nd District Court of Harris County, Texas.
> This assignment is for the period of ____ days, beginning the 6th day of January, 1992, provided that this assignment shall continue after the specified period as may be necessary for the assigned Judge to complete trial of any case begun during the period, and to pass on motions for new trial and all other matters growing out of cases tried by the Judge herein assigned during this period.

The form was intended to specify an assignment for a period of a certain number of days. The administrative judge marked through the words "of ____ days", so that the appointment was for an indefinite term that began on January 6, 1992.

■ Appellant did not object to the assignment of Judge James for this or any other reason. Had he objected, he could have had Judge James, a visiting judge, automatically recused by filing an objection under TEX.GOV'T CODE ANN. § 74.053(d) (Vernon Supp.1993).

Appellant argues that no objection was necessary because the error is of constitutional dimension in that a defective order of assignment is no assignment at all. We disagree. In *Walker v. State*, 823 S.W.2d

302, 305 (Tex.App.—Tyler), *aff'd*, 823 S.W.2d 247 (Tex.Crim.App.1991), the record contained *no* assignment of the visiting judge; the court nevertheless held the defendant waived his right to complain about the assignment.

We find appellant waived any error in the appointment of Judge James.

We overrule point of error one.

### 2. Prior convictions

In point of error two, appellant argues the trial court erred in admitting evidence of prior convictions where the probative value did not outweigh the danger of unfair prejudice.

■ Appellant concedes he did not object during the prosecutor's cross-examination asking about his prior convictions. A defendant who does not timely object during trial to the admission of evidence during trial waives error in the admission. *Little v. State*, 758 S.W.2d 551, 563 (Tex.Crim. App.1988); *see also* Tex.R.App.P. 52(a).

■ Appellant refers us to *Montgomery v. State*, 810 S.W.2d 372, 388–89 (Tex.Crim. App.1990), to support his argument that it was the duty of the trial court to make a determination if the prejudicial effect of extraneous offenses substantially outweighed the probative value. *Montgomery*, however, also states "when a party attempts to adduce evidence of 'other crimes, wrongs or acts,' in order to preserve error on appeal, the opponent of that evidence must object in a timely fashion." *Id.* at 387.

■ Appellant asserts it would have been futile, and thus unnecessary, to object because the claim was novel at the time of trial. In *Black v. State*, 816 S.W.2d 350, 368 (Tex.Crim.App.1991), the Court of Criminal Appeals held:

> [T]he Texas "right not recognized" exception excuses a failure to contemporaneously object when either; [sic] the claim was so novel that the basis of the claim was not reasonably available at the time of trial, or, the law was so well settled by this Court that an objection at that time would have been futile.

The Rules of Criminal Evidence became effective on September 1, 1986. A claim under Tex.R.Crim.Evid. 609, which governs the admissibility of prior conviction impeachment evidence, could not be considered a "novel" claim when this case was tried in 1992.

We need not address the appropriateness of the testimony of prior convictions, because appellant did not meet the first requirement for the appeal—preservation of error.

We overrule point of error two.

### 3. Remote convictions

In point of error three, appellant argues the trial court erred in admitting evidence relating to his having been convicted of an offense committed more than 10 years before the trial.

■ Appellant asserts he preserved error by making a motion in limine. A ruling on a motion in limine does not preserve error. *Romo v. State*, 577 S.W.2d 251, 252 (Tex.Crim.App.1979); *Rogers v. State*, 795 S.W.2d 300, 307 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). Even though a trial court grants a motion in limine, a defendant must make an objection to evidence on proper grounds at trial to preserve error for appellate review. *Goss v. State*, 826 S.W.2d 162, 168 (Tex.Crim.App.1992). As with point of error two, appellant did not object and waived any error.

We overrule point of error three.

### 4. Error in the charge

In point of error four, appellant asserts the trial court erred in failing "to include a charge including the contents of The Texas Code of Criminal Procedure, article 38.23."

The charge appellant now complains the trial court did not include is not the charge he requested at trial. During the charge conference, appellant's counsel and the trial court had the following exchange:

> Defense: Thirdly, *I would request a special instruction under 38.23* of the Texas Code of Criminal Procedure which runs to the stop of the vehicle. The

initial stop, which lead up to the officer's discovery and observations of evidence that's been presented.

Court: Do you want to dictate in way of a charge? I will listen.

Defense: *I request the following charge be given to the jury.* "If you find from the evidence presented that the stop of the vehicle in which defendant was driving on or about November 1, 1991, was done so without reasonable suspicion that criminal activity had occurred, then you will find, *you can find* that the evidence obtained as a result of that stop is inadmissible as evidence against the defendant in the guilt or innocence, in determining his guilt or innocence. *And you may choose not to use such evidence in your deliberations* in making your determination as to the guilt or innocence of the defendant." That would be my charge, something similar.

Court: No, no. It is or it isn't.

Defense: *I want a charge on 38.23.*

Court: *That charge you have just dictated is denied.*

Defense: Judge, for the purposes of the appellate record can I just—I don't have *that* written down.

Court: *This* will be given the same force and effect as I'm concerned as if it were written down and there were a written rejection.

(Emphasis added.)

■ Appellant's counsel requested an erroneous variant of an article 38.23 [1] instruction. He clearly stated the "special instruction under [art.] 38.23 of the Texas Code of Criminal Procedure" that he wanted ("I request the following charge be given to the jury."). Appellant's requested charge would have erroneously instructed the jury that, at their option, they "may choose not to use such evidence [obtained from an arrest made without reasonable suspicion that criminal activity had occurred] in [their] deliberations." The trial

judge correctly responded, "No, no. It is or it isn't [usable in deliberations]."

Although appellant's counsel said at one point, "I want a charge on article 38.23," these words were buried in the discussion of the incorrect charge he dictated. Merely stating, "I want a charge on article 38.23" is not sufficient. Tex.Code Crim.P.Ann. art. 36.15 (Vernon Supp.1993). The trial judge correctly ruled, "That charge you have just dictated is denied." When appellant's attorney responded, "I don't have that written down," the judge cooperatively allowed the dictated but refused request "the same force and effect as if it were written down and there were a written rejection." Appellant cannot dictate an incorrect variant of an article 38.23 charge and later insist that "that charge" was a request for a charge under article 38.23.

Appellant's fourth point of error is overruled.

## 5. Mistake of fact

In point of error five, appellant argues the trial court incorrectly instructed the jury in the application paragraph of the charge that they should convict appellant if he did not have the consent of the complainant to operate the automobile.

Appellant makes no distinction between the true owner/complainant, Lincoln Murphy, and the apparent owner, Johnny Evans, when he asserts that if he had Evans' consent, he should be acquitted of unlawfully, intentionally, or knowingly operating a motor vehicle without the effective consent of the owner.

■ Once again, appellant did not object to the instruction. When questioned, appellant's counsel even stated he agreed with the instruction:

I don't have any problems with or objections to the charge that you've submitted. I've requested previously that a charge on mistake of fact be submitted. You've agreed to allow us to have that

1. Tex.Code Crim.P.Ann. art. 38.23(a) (Vernon Supp.1993) provides, in pertinent part:
    In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

charge and the one that was prepared is adequate for my purpose.

In *Riley v. State*, 830 S.W.2d 584, 587 (Tex.Crim.App.1992), the Court of Criminal Appeals quoted with approval the following excerpt from the opinion of the court of appeals:

> Any error in the charge, *over timely objection in the trial court*, requires reversal if such error is "calculated to injure the rights of the defendant," which means no more than that there must be *some* harm to the accused from the error.

(First emphasis added); *see also* TEX.CODE CRIM.P.ANN. art. 36.19 (Vernon 1981).[2]

■ A defendant who requests a charge that is then submitted as requested, cannot complain of a fundamental error in the charge. *Gutierrez v. State*, 659 S.W.2d 423, 424 (Tex.Crim.App.1983).

We overrule point of error five.

## 6. Sufficient evidence

In point of error six, appellant argues the evidence was insufficient for the jury to find beyond a reasonable doubt he knowingly and intentionally operated a motor vehicle without the consent of the owner.

■ In reviewing the sufficiency of the evidence, we consider all the evidence—that introduced by the State and the defense—in the light most favorable to the verdict. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App.1990). Article 38.04, TEX.CODE CRIM.P.ANN. (Vernon 1979), provides that reconciliation of conflicts and contradictions in the evidence is within the province of the jury. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986). The jury may believe some witnesses and refuse to believe others, and it may accept portions of testimony of a witness and reject other portions. *Id.* On appeal, we will not reverse a conviction because of conflicts in evidence if there is enough credible testimony to support conviction. *Id.*

■ Appellant was found driving a car with a broken rear vent window, a broken steering column, and a screwdriver on the seat. He claimed the car was his cousin's, and he was trying to repair the broken steering column. The damage to the car supposedly occurred when someone tried to steal his cousin's car. This evidence conflicts with the State's evidence that appellant was driving a stolen car. The jury chose to believe the State's witnesses and not appellant's. *See Losada*, 721 S.W.2d at 309. A rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

We overrule point of error six.

## 7. Modifications in jury charge

In point of error seven, appellant argues the record indicates that modifications were made to the jury charge, including underlining and the changing of a date from November 1, 1992 to November 1, 1991, which had the effect of depriving him of a fair trial.

Several lines on the court's charge on assessment of punishment are underlined. The affected lines are as follows:

> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-fourth of the sentence imposed or fifteen years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

■ The record contains no indication as to who underscored the lines. We will not accept as fact appellant's assertions in his appellate brief, which the State disputes as speculative, and which are not supported by the record. *Gelabert v. State*, 712 S.W.2d 813, 816 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). We may not review disputed assertions made for the first time on appeal, because they

---

**2.** Article 36.19 provides, in pertinent part: "All objections to the charge and to the refusal of special charges shall be made at the time of trial." TEX.CODE CRIM.P.ANN. art. 36.19 (Vernon 1981).

do not represent error that was preserved for review. *Id.*

We overrule point of error seven.

### 8. Facts outside the evidence

In point of error eight, appellant asserts the prosecutor argued facts outside the evidence at trial. Most of the arguments appellant challenges were made without objection by his trial counsel.

■ To preserve error, an objection must be made "at the first opportunity," *Jacobs v. State*, 787 S.W.2d 397, 406 (Tex.Crim.App.1990), or as soon as the ground of objection becomes apparent. *Johnson v. State*, 803 S.W.2d 272, 291 (Tex.Crim.App. 1990). As to claims of error not objected to, we hold appellant waived any complaint.

The prosecutor's argument to which appellant did object was as follows:

> State: We know how he was behaving the morning of November 1. He was driving somebody else's car. That's one thing that you might look at that aggravated it. Moves it up to something more than the *average habitual case*. He comes in with the two priors. Two, four, six. He has six.
>
> Defense: I object. There is no basis for what an ordinary habitual criminal is.
>
> State: Just trying to argue the case.
>
> Defense: Improper opinion.
>
> Court: This is argument. I will let him argue that.
>
> State: Ordinary habitual comes in with two. This guy has six. I would say that is certainly not mitigating and I say it's aggravating.

(Emphasis added.)

■ To be permissible, jury argument must fall within one of four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App. 1990); *Lasker v. State*, 837 S.W.2d 727, 729 (Tex.App.—Houston [1st Dist.] 1992), remanded, 844 S.W.2d 753 (Tex.Crim.App. 1993).

■ A minimum of two prior felony convictions, alleged and proved in the manner prescribed by section 12.42(b) of the Penal Code ("Penalties for Repeat and Habitual Felony Offenders"), renders a defendant eligible for that section's "habitual" punishment. TEX.PENAL CODE ANN. § 12.-42(b) (Vernon 1974). The prosecutor's statement, "Ordinary habitual comes in with two" was a reasonable paraphrase or restatement of the statute applied to the evidence. His argument that *six* prior felony convictions was "not mitigating ... [but] aggravating" was a *reasonable* deduction from the evidence and a plea for law enforcement. *Borjan*, 787 S.W.2d at 55; *Lasker*, 837 S.W.2d at 729. We hold the argument was not error, and we overrule point of error eight.

### 9. Cruel and unusual punishment

In point of error nine, appellant argues cruel and unusual punishment has been inflicted upon him in violation of TEX.CODE CRIM.P.ANN. art. 1.09 (Vernon 1977) and article I, section 13 of the Texas Constitution.

■ Appellant did not raise the issue of the severity of his sentence either during the punishment phase of trial or in a motion for new trial, and therefore failed to preserve the complaint for appellate review. *Quintana v. State*, 777 S.W.2d 474, 479 (Tex.App.—Corpus Christi 1989, pet. ref'd).

We overrule point of error nine.

### 10. Effective assistance of counsel

In point of error 10, appellant argues that if we find error was not preserved by his trial attorney, then he was deprived of effective assistance of counsel.

#### a. Guilt/innocence

■ We use the test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to gauge the effectiveness of counsel at the guilt/innocence phase of a noncapital trial. *Craig v. State*, 825 S.W.2d 128, 129 (Tex.Crim.

App.1992). *Strickland* requires a two part analysis:

(1) Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms; and

(2) if so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different?

*Craig*, 825 S.W.2d at 129. "Reasonable probability" was defined as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

▪ The right to effective assistance of counsel is not the right to error-free counsel. *Hernandez v. State*, 726 S.W.2d 53, 58 (Tex.Crim.App.1986). We do not judge effectiveness of counsel by hindsight. *Stafford v. State*, 813 S.W.2d 503, 506 (Tex.Crim.App.1991). A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. *Stafford*, 813 S.W.2d at 506. The United States Supreme Court stated:

Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Isolated failures to object to certain procedural mistakes or improper evidence or argument do not constitute ineffective assistance of counsel. *Davis v. State*, 830 S.W.2d 762, 765 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

▪ Appellant's counsel's omissions at the guilt-innocence phase of trial were, at worst, isolated failures to object, insufficient to meet the first prong of the *Strickland* test. Even if we did find his counsel's omissions to be substandard assistance, appellant would not benefit. Considering the evidence against him, appellant has not met the second prong of *Strickland*, i.e., that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have differed. *See Hernandez*, 726 S.W.2d at 59. We overrule any claim of error from alleged ineffectiveness of counsel at the guilt/innocence phase of the trial.

**b. Punishment**

▪ The proper standard to gauge the effectiveness of counsel at the punishment phase of a noncapital trial is the test found in *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim.App.1980). *Craig*, 825 S.W.2d at 129. *Duffy* requires a two part analysis:

(1) whether counsel was reasonably likely to render effective assistance, and

(2) whether counsel reasonably rendered effective assistance.

*Craig*, 825 S.W.2d at 130; *Ex parte Walker*, 794 S.W.2d 36, 37 (Tex.Crim.App.1990); *Duffy*, 607 S.W.2d at 516 n. 17. The *Strickland* test should not be applied when analyzing the effectiveness of counsel during the punishment phase of the appellant's trial. *Craig*, 825 S.W.2d at 130. The appropriate examination of the record, which we have carefully made, includes counsel's representation during pretrial, the guilt-innocence stage of trial, and the punishment stage of trial. *Ex parte Walker*, 777 S.W.2d 427, 431 (Tex.Crim.App.1989).

▪ Appellant makes two specific complaints concerning his trial counsel's omissions at the punishment phase. First, he argues, his trial counsel failed to pursue to an adverse ruling his objection to the prosecutor's argument "that 60 years was the middle range, when in fact 60 years is the maximum penalty...." A 60 year sentence is *not* the maximum penalty in a habitual offender prosecution. Appellant's trial counsel reasonably did not pursue a ruling on his objection because the prosecutor's quoted statement was remarkably accurate; in fact, it was understated. Section 12.42(d) of the Penal Code prescribes a confinement range, for a habitual offender

convicted in the manner prescribed for two prior felony offenses, of "life, or any term of not more than 99 years or less than 25 years." TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1993). A literal average of the minimum and maximum allowable terms of years would be 62 years (99 plus 25, divided by two), *more* than the 60 years the prosecutor mentioned. Because the prosecutor did not exaggerate in arguing that 60 years is "the middle range" of punishment statutorily prescribed for the habitual offender, appellant's trial counsel did not err in declining to pursue his objection to that argument.

Second, he complains that his trial counsel failed to object to the prosecutor's argument "that two prior convictions is the minimum and not the average number of priors for an habitual felon." Two prior felony convictions, alleged and proved in conformity with Penal Code § 12.42(d), *is* the "minimum ... number of priors for an habitual felon." We considered appellant's complaint as to the "average number of priors for an habitual felon" in point of error eight and overruled it.

Appellant's tenth point of error is overruled.

We affirm the trial court's judgment.

O'CONNOR, J., dissenting.

O'CONNOR, Justice, dissenting.

I dissent from the majority's resolution of point of error four. In point of error four, the appellant argues the trial court erred for refusing to submit an article 38.-23 [1] charge.

The appellant contends he was entitled to an article 38.23 charge because there was a fact issue about the reason for the stop that led to his arrest. The officers testified they stopped the defendant because his license plate was not visible. The appellant testified his license plate was visible because it was propped up by a Kleenex box in the back window. *See Reynolds v. State*, 848 S.W.2d 148, 149 (Tex.Crim.App. 1993) (when the defendant testified he was not speeding, it created a fact issue regarding the legality of the stop). Thus, the appellant argues, he raised a fact question about the legality of the stop and whether the evidence seized as a result of that stop was obtained in violation of article 38.23.

Before trial, the appellant made a motion to suppress evidence seized by the officers, which the trial court denied. At the charge conference, the appellant asked for an article 38.23 charge. The full exchange between the appellant's counsel and the trial court is set out in the majority's opinion, slip op. at 5. Here are parts of that exchange:

> I request the following charge be given to the jury. "If you find from the evidence presented that the stop of the vehicle in which defendant was driving on or about November 1, 1991, was done so without reasonable suspicion that criminal activity had occurred, then you will find, you can find that the evidence obtained as a result of that stop is inadmissible as evidence against the defendant in the guilt or innocence, in determining his guilt or innocence. And you may choose not to use such evidence in your deliberations in making your determination as to the guilt or innocence of the defendant." That would be my charge, something similar.

The trial court asked the defense counsel, "It is or it isn't." To this, the defense counsel simply responded, "I want a charge on 38.23." The court denied the request.

Article 38.23(a) provides in part:

> In any case where the legal evidence raises an issue hereunder, the *jury shall be instructed* that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

(Emphasis added.)

In *Turner v. State*, 726 S.W.2d 140, 141 (Tex.Crim.App.1987), the Court of Criminal Appeals held the review of an erroneous jury charge can be predicated upon a timely and specific objection to the trial court

---

1. TEX.CODE CRIM.P.ANN. art. 38.23(a) (Vernon Supp.1993).

that there is error in the charge. See TEX. CODE CRIM.P.ANN. art. 36.14 (Vernon Supp. 1993) ("Before said charge is read to the jury, the defendant or his counsel ... shall present his objections thereto in writing, distinctly specifying each ground of objection.") In this case, the appellant made a specific objection and a specific request for the instruction as set out in article 38.23. I would hold the appellant's objection was timely and specific. I would hold either of the appellant's requests—the request the appellant dictated into the record or the request for the article 38.23 charge—was sufficient to preserve the error.

First, the majority dismisses the 38.23 charge the appellant dictated into the record because it was an "erroneous variant of an article 38.23 instruction." The majority does not disclose why the charge was an "erroneous variant," or how the appellant could have asked for a correct version. If the instruction is erroneous, the appellant in this case, defendants in later cases, and I would like to know why. As a court, we publish our opinions to instruct on the law. We should specifically identify the error in this article 38.23 request so the next defendant who asks for the instruction may make a proper request.[2]

Next, the majority dismisses the specific request for the article 38.23 charge ("I want a charge on 38.23") because it was "buried in the discussion of the incorrect charge he dictated." Not so. The defense counsel's request was in direct response to a question from the court about the language in the requested instruction. Thus, it was hardly "buried in the discussion." I would hold that when an instruction is provided by statute, as here, the request for the instruction by name of the statute is sufficient to properly request the instruction.

Last, the majority dismisses the specific request for the article 38.23 charge because the trial court told defense counsel

that it would consider the oral request as if it were written. The majority states the "appellant cannot dictate an incorrect variant of article 38.23 charge and later insist that 'that charge' was a request for a charge under article 38.23." The majority's opinion suggests, but does not come right out and say so, that the trial court permitted the defense lawyer to reduce to writing the oral request, and then denied it. That is not what happened. The trial court merely considered the request that it had already overruled as if it had been made in writing. The majority's opinion suggests the issue is resolved by the defense lawyer's reliance on the first request. That is misleading.

If we held the trial court erred in refusing the instruction, the next question would be whether the error caused the appellant harm. Even a defendant claiming fundamental error in his jury charge must show how he was harmed by such error. *Almanza v. State*, 724 S.W.2d 805, 806 (Tex. Crim.App.1986); *Pierini v. State*, 804 S.W.2d 258, 260 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of the defendant," which means no more than there must be some harm to the accused from the error. *Almanza*, 724 S.W.2d at 806. An error which has been properly preserved by objection will call for reversal if the error is not harmless. *Id.*

If the jury believed the appellant's version, that the license plate was visible, it could find the stop was not justifiable, and the evidence was not admissible. By this argument, the appellant has shown "some harm." *Black v. State*, 491 S.W.2d 428, 431 (Tex.Crim.App.1973) (the defendant was entitled to the article 38.23 charge, but waived the error because he did not re-

---

2. I have looked high and low in the criminal treatises for a charge on article 38.23 and cannot find one. Some of the treatises I have searched are: P. McCLUNG, JURY CHARGES FOR TEXAS CRIMINAL PRACTICE (1993); M. McCORMICK AND T. BLACKWELL, TEXAS CRIMINAL FORMS AND TRIAL MANUAL

(Texas Practice 1985); M. TEAGUE, TEXAS CRIMINAL PRACTICE GUIDE (1992). In *Black v. State*, 491 S.W.2d 428, 431 n. 1 (Tex.Crim.App.1973), the Court of Criminal Appeals rejected the defendant's article 38.23 instruction, but did not state what the correct instruction would have been.

quest a proper charge).[3]

I would sustain point of error four.

---

**3.** I note that in *Reynolds,* the Court of Criminal Appeals remanded the case to the court of appeals for the court to decide if the refusal to submit the instruction was harmful, *after* finding a fact question. I do not understand how we could decide it was anything but harmful to refuse to submit an instruction after the court decides there was a fact issue for the jury. *Reynolds,* 848 S.W.2d at 149. I respectfully suggest the Court of Criminal Appeals was in error in reversing for a harm analysis after finding a fact issue for the jury.