**Larry Ray CHAPMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1300–93.

Court of Criminal Appeals of Texas,
En Banc.

May 8, 1996.

Loren A. Detamore, Houston, for appellant.

Ernest Davila, Asst. Dist. Atty., Houston, Robert A. Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge.

Appellant was convicted of unauthorized use of a vehicle, Tex.Penal Code Ann. § 31.07, and sentenced to sixty years confinement. *See,* Tex.Penal Code Ann. § 12.42(d). The Court of Appeals affirmed. *Chapman v. State,* 859 S.W.2d 509 (Tex.App.—Houston [1st Dist.] 1993). We granted appellant's petition for discretionary review to determine whether appellant's requested instruction was sufficient to call the trial judge's attention to an error in the court's charge on guilt.[1] We will reverse and remand.

**I.**

The facts surrounding the police investigation and appellant's arrest appear in the Court of Appeals' opinion. *Chapman,* 859 S.W.2d at 511. Therefore, we set forth only those facts which are relevant to the disposition of the instant ground for review.

At the conclusion of the evidentiary portion of the trial, and after the trial judge allowed the parties to review the proposed charge, appellant requested an additional instruction under Tex.Code Crim.Proc.Ann. art. 38.23 as it related to the stop of his vehicle. At the trial judge's request, appellant dictated a proposed instruction, and the following occurred:

APPELLANT: I request the following charge be given to the jury. If you find from the evidence presented that the stop of the vehicle in which defendant was driving ... was done so without reasonable suspicion that criminal activi-

---

1. Appellant's ground for review states:

   Where the defendant properly calls the trial court's attention to an omission to the charge to the jury by pointing out the evidence mandating an Article 38.23 of the Texas Code of Criminal Procedure instruction, does the defendant waive his right to such instruction, by requesting the instruction making the consideration by the jury of illegally obtained evidence optional as opposed to mandatory?

ty had occurred, then you will find, you can find that the evidence *obtained as a result of that stop is inadmissible as evidence against the defendant in ... determining his guilt or innocence. And you may choose not to use such evidence in your deliberations in making your determination as to the guilt or innocence of the defendant.* *That would be my charge, something similar.*

JUDGE: No, no. It is or it isn't.

APPELLANT: *I want a charge on 38.23.*

JUDGE: That charge you have just dictated is denied.

The jury was never instructed under art. 38.23.

## II.

The Court of Appeals stated appellant's requested instruction "would have erroneously instructed the jury that, at their option, they 'may choose not to use such evidence [obtained from an arrest made without reasonable suspicion that criminal activity had occurred] in [their] deliberations.'" *Chapman,* 859 S.W.2d at 513. The Court held "[a]ppellant cannot dictate an incorrect variant of an article 38.23 charge and later insist that 'that charge' was a request for a charge under article 38.23." *Ibid.* Likewise, the Court did not believe appellant's statement: "I want a charge on 38.23" was sufficient because appellant's statement was "buried in the discussion of the incorrect charge...." *Ibid.*

Justice O'Connor dissented, believing appellant made a specific objection and a specific request for the instruction set forth in art. 38.23. *Id.,* 859 S.W.2d at 518. Justice O'Connor would have held appellant was entitled to an instruction under Tex.Code Crim. Proc.Ann. art. 38.23 and that appellant has demonstrated harm. *Ibid.*

## III.

In *Stone v. State,* 703 S.W.2d 652 (Tex.Cr. App.1986), the defendant requested an instruction under art. 38.23 and dictated a requested instruction to the court. Stone's

requested instruction was erroneous because it

... misstated the law both in directing the jury to consider probable cause, and then what to do if they failed to find probable cause; and, the charge constituted an impermissible comment on the weight of the evidence.

*Id.,* 703 S.W.2d at 655. However, we held that the Code of Criminal Procedure did not require Stone to request an instruction in perfect form. *See,* Tex.Code Crim.Proc.Ann. art. 36.15. We held "[t]he requested charge must only be sufficient to call the trial court's attention to the omission in the court's charge." *Ibid.,* quoting *Stiles v. State,* 520 S.W.2d 894, 896–897 (Tex.Cr.App.1975). Stone prevailed because his requested instruction was sufficient to apprise the trial judge of the objection to the charge. *Ibid.* *Accord, Polk v. State,* 738 S.W.2d 274, 276 (Tex.Cr.App.1987).

## IV.

*Stone* is controlling. Therefore, we hold appellant's requested instruction, coupled with his statements to the trial judge, were sufficient to apprise the trial judge of appellant's objection to omissions in the charge. This is all that is required to preserve error, if any. *Stone, supra;* Tex.Code Crim.Proc. Ann. art. 36.15. *See also, Vasquez v. State,* 919 S.W.2d 433, 434–35 (Tex.Cr.App.1996), (If the defendant requests a special charge, no adverse ruling is required to preserve error.).

Accordingly, the holding of the Court of Appeals is reversed and this case is remanded to that Court for further proceedings consistent with this opinion.

WHITE, J., concurs in the result.

McCORMICK, P.J. and MANSFIELD and KELLER, JJ., dissent.