Opinion issued May 10, 2007








 




In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00133-CR






ROSCOE RANDOLPH JORDAN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 988277


 


MEMORANDUM OPINION



 Appellant, Roscoe Randolph Jordan, appeals the trial court's judgment
revoking his community supervision for aggravated robbery. In two points of error,
appellant contends that (1) the evidence was legally and factually insufficient to
support the trial court's revocation and (2) the trial court erred "by assessing a
sentence against Appellant which was excessive and disproportionate to the crime
committed."

 We affirm.

Background


 In May 2004, the State charged appellant with aggravated robbery. A jury
found appellant guilty and assessed punishment at confinement for seven years and
further recommended that the sentence be suspended. The trial court placed appellant
on seven years community supervision. The State subsequently moved to revoke
appellant's community supervision, alleging that he had violated 11 conditions and
terms of his community supervision. 

 The trial court held a revocation hearing and, after hearing testimony from six
witnesses, including appellant's probation officer, the trial court found that appellant
had violated the terms and conditions of his community supervision. The court
therefore revoked appellant's community supervision and assessed punishment at
seven years' imprisonment. This appeal followed.

Standard of Review

 A revocation proceeding is neither criminal nor civil in nature; it is an
administrative proceeding. See Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993); Canseco v. State, 199 S.W.3d 437, 438 (Tex. App.--Houston [1st Dist.] 2006,
pet. ref'd). At a revocation hearing, the State must prove by a preponderance of the
evidence that the defendant has violated a condition of his community supervision. 
Cobb, 851 S.W.2d at 873; Canseco, 199 S.W.3d at 438. Proof of a single violation
is sufficient to support a revocation. Canseco, 199 S.W.3d at 439.

 Our review of the evidence is limited to determining whether the trial court
abused its discretion in revoking the defendant's community supervision. Cobb, 851
S.W.2d at 873; Canseco, 199 S.W.3d at 439. We view the evidence in the light most
favorable to the trial court's judgment. Cobb, 851 S.W.2d at 873; Canseco, 199
S.W.3d at 439. The trial court is the exclusive judge of the credibility of the
witnesses and must determine whether the allegations in the motion to revoke are
sufficiently demonstrated. Canseco, 199 S.W.3d at 439.

Sufficiency

 In point of error one, appellant argues that the evidence was legally and
factually insufficient to support the trial court's revocation of his community
supervision. As set out above, we do not review the evidence supporting revocation
of probation for legal and factual sufficiency. Rather, we review the trial court's
discretion in finding, by a preponderance of the evidence, a violation of a term or
condition of community supervision.

 In its motion to revoke community supervision, the State alleged that appellant
had violated 11 terms and conditions of his community supervision. The trial court
found the following violations:

 (1) committed an offense against the laws of the State

 (2) failed to avoid injurious or vicious habits

 (3) failed to work at suitable employment

 (4) failed to pay Supervision Fee

 (5) failed to pay a fine and court costs

Houston Police Officer Richard Razo testified that, on November 10, 2005, he
attempted to execute a warrant for Kashawn Reece, who was suspected of credit card
abuse. He knew that appellant was "associated" with Reece, and he saw appellant
leaving her apartment when he pulled into the apartment complex. He asked
appellant to put his hands on the side of the police car, and Razo proceeded to pat
down appellant. Razo discovered a bag of crack cocaine in appellant's right sock. 
Razo testified that, after he was arrested, appellant said, "If you make that go away,
I will tell you what you need to know." "I will tell you where Kashawn is." He also
told Razo that he had to move to a different home "because his family knows that he
and Kashawn were on crack." Appellant testified that he did not have any drugs on
him when Officer Razo searched him. He said that Razo "threw something" beside
him and said that he could "make it disappear" if appellant could get Kashawn to
come to him. 

 The trial court was the sole trier of fact and judge of the credibility of the
witnesses and could accept or reject any of all of the witnesses' testimony. See id.;
Mattias v. State, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987). We hold that the
evidence was sufficient to show, by a preponderance, that appellant "had committed
an offense against the laws of the State." Because proof of a single violation is
sufficient to support a revocation, we need not address appellant's further sufficiency
complaints. See Canseco, 199 S.W.3d at 439. 

 We hold that the trial court did not abuse its discretion in revoking appellant's
community supervision, and we overrule point of error one.

Cruel and Unusual Punishment

 In point of error two, appellant argues that the trial court erred "by assessing
a sentence against Appellant which was excessive and disproportionate to the crime
committed." 

 Appellant cannot complain that his punishment is cruel and unusual under
either the United States or Texas Constitutions if he did not object timely and
specifically at trial or in a motion for new trial. Schneider v. State, 645 S.W.2d 463,
466 (Tex. Crim. App. 1983); Chapman v. State, 859 S.W.2d 509, 515 (Tex.
App.--Houston [1st Dist.] 1993) rev'd on other grounds, 921 S.W.2d 694 (Tex.
Crim. App.1996). Appellant failed to preserve these points of error because there was
no objection urged at trial concerning cruel and unusual punishment. See Curry v.
State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). Appellant never objected to his
sentence at sentencing or in a motion for new trial. As a result, he failed to preserve
error.

 We overrule point of error two.

Conclusion


 We affirm the judgment of the trial court.



George C. Hanks, Jr.

Justice


Panel consists of Justices Taft, Alcala, and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).