# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00698-CR

---

**Rufino Ornelas-Carrillo, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
### NO. 56424, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The jury acquitted Rufino Ornelas-Carrillo of assault of a family or household member and found him guilty of retaliation. *See* Tex. Penal Code §§ 22.01(b)(2)(A), 36.06(c). The trial court assessed his sentence at five years in prison. Appellant contends that handmade checkmarks and underlines among the elements of the offense in the application paragraph of the otherwise typewritten jury charge constituted an impermissible comment on the weight of the evidence and require reversal. We will affirm the judgment of conviction.

## BACKGROUND

Appellant had an encounter with the mother of his child at his house that resulted in her calling the police,[1] Marble Falls Police Department Officer Justin Schlaudruff responded to the call along with another officer, followed by MFPD Detective Scott Dulaney.

---

[1] We need not recount those events because they are not the basis for the conviction under review. *See* Tex. R. App. P. 47.1 (opinions should be as brief as practicable but address every issue raised and necessary to final disposition of appeal).

Schlaudruff testified that when he arrived, the other officer was talking with Appellant at the door of an apartment. He described Appellant as very verbally aggressive and pretty angry. The door was open at first, then Appellant closed it and continued yelling at the officers through the door. Appellant invited officers into his apartment to fight and threatened to gouge out their eyes, rip out their throats, and bend their fingers back. Schlaudruff testified that officers decided to arrest Appellant based on pre-existing warrants. There was a struggle that ended with Appellant on top of Dulaney on the apartment walkway. Appellant stopped struggling and was escorted to the parking lot to a police vehicle.

Schlaudruff's body-camera video of the interaction was played for the jury. On the video, when Schlaudruff asked where Appellant's keys were so they could lock his apartment while he was in jail, Appellant responded by saying, "My key is I don't want to see you any more. . . . If I see you again, I will kill you." As he was being put into the police vehicle, Appellant shouted over the vehicle, "I'll kill you, motherfucker." Schlaudruff testified that these death threats were made to Dulaney. Schlaudruff testified that Appellant knew what he was saying and knew to whom he was talking when he threatened to kill Dulaney.

Dulaney testified that Appellant's demeanor was up and down, which is typical of intoxicated individuals. When two officers came up to either side of Appellant, he started pulling away physically and pushing back against the wall. Dulaney said that Appellant recognized him from an encounter when Dulaney worked in a nearby town. When Dulaney moved in to help the arresting officers, he rolled his ankle and fell on his back, and Appellant fell on top of him. Dulaney testified that Appellant was alternately apologetic and agitated. Dulaney testified about Appellant's death threats and agreed they were directed at Dulaney.

2

Appellant testified that he never intended to hurt anyone. When he fell on top of Dulaney, he stopped struggling. At that point, he was in a position to hurt Dulaney but did not. He said he was drunk and did not know what he was doing. He recognized Dulaney as some part of the government and said that Dulaney had pulled him over before.

The jury charge included the following counts, and the file-stamped copy was marked as shown below:

may not consider such other acts or transactions, if any, as any evidence of the defendant's character in order to show that the defendant acted in conformity therewith.

**5.**

**Self-Defense**

It is a defense to ASSAULT/FAMILY VIOLENCE WITH PRIOR if the Defendant's conduct was justified by the law of self-defense.

An actor is justified in using force against another person when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the use or attempted use of unlawful force by the other person.

The use of force against another is not justified in response to verbal provocation alone.

**6.**

**COUNT I**

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the Defendant, RUFINO ORNELAS-CARRILLO, on or about the 19th day of December, 2023 in the County of Burnet and State of Texas, as alleged in the indictment, did then and there intentionally or knowingly threaten to harm another, to-wit: Scott Dulaney, by an unlawful act, to-wit: murder and/or aggravated assault, in retaliation for or on account of the service or status of Scott Dulaney as a public servant, to-wit: a City of Marble Falls police officer, you will find the Defendant guilty of the offense of RETALIATION, as alleged in Count 1 of the State's Indictment, but if you do not so believe or if you have a reasonable doubt thereof, you will acquit the Defendant of the offense of RETALIATION and say by your verdict "not guilty" with respect to Count 1.

**7.**

**COUNT II**

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, RUFINO ORNELAS-CARRILLO, on or about the 19th day of December, 2023, in the County of Burnet and State of Texas, as charged in the indictment, did then and there intentionally, knowingly or recklessly cause bodily injury to Yingmei Zheng, a member of the defendant's family and/or person with whom the defendant had or has had a dating relationship, by striking Yingmei Zheng with his hand, and before the commission of the offense,

The jury convicted on count one and acquitted on count two.

3

## DISCUSSION

Appellant contends that the "manual writings" next to the elements of the offense in the application paragraph of the jury charge constitute an impermissible comment on the weight of the evidence.

We review alleged jury charge error in two steps: first, we determine whether error exists; if so, we then evaluate whether sufficient harm resulted from the error to require reversal. *Ngo v. State*, 175 S.W.3d 738, 744 (Tex. Crim. App. 2005); *see Jordan v. State*, 593 S.W.3d 340, 346 (Tex. Crim. App. 2020) (citing *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g 1985)). When, as here, the defendant does not make a timely objection during the proceedings below, we must determine whether the record establishes that the error caused him "egregious harm." *See Gonzalez v. State*, 610 S.W.3d 22, 27 (Tex. Crim. App. 2020).

Appellant notes that the handmade marks are next to each required element and underline "knowingly" and his name. He notes that his counsel stated in argument, "Now, part of the charge that the prosecutor didn't underline is cause bodily injury." While Appellant concedes that he does not know if the remark concerned actual marks or a figurative use of "underline" to mean "emphasize," he argues that the markings serve "as an endorsement of the State's position on a document that came from the trial court." He contends that the markings are an impermissible comment on the weight of the evidence, affected the jury's perception of the evidence, and deprived him of a fair trial and due process. He contends that this shows egregiously harmful error of constitutional dimension.

But Appellant has not shown that the trial court committed any error. For the markings to have affected the jury's verdict, the charge must have been presented to the jury

4

with the markings on it. The marks are on the signed copy of the instructions placed in the clerk's record, but the record is silent as to who made the marks and when. Speculation as to the origins of handwritten notations on a jury charge is not proper and cannot support a finding of charge error. *Smith v. State*, No. 01-22-00471-CR, 2023 WL 4239875, at *8 (Tex. App.—Houston [1st Dist.] June 29, 2023, no pet.) (mem. op., not designated for publication) (citing *Chapman v. State*, 859 S.W.2d 509, 514 (Tex. App.—Houston [1st Dist.] 1993), *rev'd on other grounds*, 921 S.W.2d 694 (Tex. Crim. App. 1996)). The record does not show whether counsel, the court, a juror, or someone else made the marks or that the jury received the charge as marked. Appellant does not otherwise challenge the record and has not shown that the trial court erred. Finding no error shown, we overrule the sole issue on appeal.

## CONCLUSION

We affirm the judgment of conviction.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed: August 7, 2025

Do Not Publish