**Autry Glenn WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. C14–81–309–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 22, 1982.

Michael Black, Houston, for appellant.
Roberto Gutierrez, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for attempted capital murder. Upon trial, a jury found appellant guilty and assessed punishment at eleven (11) years imprisonment in the Texas Department of Corrections. We affirm the judgment of the trial court.

Appellant has come before this Court with four grounds of error. The sufficiency of the evidence is not challenged.

In his first ground of error, appellant contends that "the indictment returned against him fails to allege facts sufficient to allow a jury to find him guilty of attempted capital murder, and fails to give adequate notice to the appellant of the charges against him."

The indictment filed against appellant reads in relevant part:

> ... with intent to commit capital murder, attempt to cause the death of R.E. MAGEE, hereafter styled the Complainant, a peace officer in the lawful discharge of an official duty, by intentionally shooting a gun in the direction of the Complainant, knowing at the time that the Complainant was a peace officer.

Appellant argues that the element of intent necessary to prove attempted capital murder is the "intent to kill by shooting, not intent to shoot in the direction of, at or near a complainant."

The offense of "Criminal Attempt" is defined in Tex.Penal Code Ann. § 15.01 (Vernon Supp.1982). Section 15.01(a) states:

> (a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

It is well settled law that the indictment, on its face, must provide the defendant with sufficient information upon which he may prepare his defense, *Moore v. State,* 532 S.W.2d 333 (Tex.Cr.App.1976); *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr.App.1978). The offense must be charged in plain and intelligible words with such certainty as to enable the accused to know what he will be called upon to defend against. *Moore v. State, supra.* Appellant's argument that the indictment is defective is without merit. The state had to allege in the indictment that appellant had the specific intent to commit capital murder and that appellant did an act that was more than mere preparation and that "*tends* but fails to effect the commission of the offense intended." The indictment in question specifically stat-

ed that appellant *intended* to commit capital murder and *attempted* to cause the death of the officer. The statement in the indictment that appellant did the act of "intentionally shooting a gun in the direction of the complainant," clearly an allegation of an act amounting to "more than mere preparation," plainly and intelligently set out the offense charged. *See Ex Parte Pousson,* 599 S.W.2d 820 (Tex.Cr.App.1980). Appellant's first ground of error is overruled.

Appellant's second ground of error contends that the trial court erred by submitting to the jury a charge which authorized conviction on a theory not alleged in the indictment. The charge in question began by explaining the offense of capital murder (of a peace officer) and then defined attempted murder and attempted capital murder. After short definitions of the terms "intentionally" and "knowingly", the court set out the elements of the offense of capital murder:

> Before you would be warranted in finding the defendant guilty of attempted capital murder, you must find from the evidence beyond a reasonable doubt that:
>
> (1) The defendant with intent to commit capital murder, attempted to cause the death of R.E. MAGEE, by intentionally shooting a gun in the direction of the said R.E. Magee, and
>
> (2) That at the time of the shooting, if any, the said R.E. MAGEE was then and there a peace officer, and
>
> (3) That the defendant then and there knew at the very time of the shooting, if any, that R.E. MAGEE, was a peace officer, and
>
> (4) That R.E. MAGEE, at the time of the shooting, if any, was acting in the lawful discharge of an official duty.

The charge then went on to define the terms "peace officer" and "official duty." Following these definitions, the charge applied the law regarding capital murder to the facts:

> Now if you find from the evidence beyond a reasonable doubt that on or

about the 31st day of October, 1980 in Harris County, Texas the defendant, Autry Glenn White, did then and there unlawfully with intent to commit capital murder, attempt to cause the death of R.E. Magee, a peace officer in the lawful discharge of an official duty, by intentionally shooting a gun in the direction of R.E. Magee, knowing at the time that R.E. Magee was a peace officer, then you will find the defendant guilty of attempted capital murder.

Having completed the instructions as to capital murder, the court's charge turned to definitions related to murder:

You are further advised that the offense of murder may also be committed if a person intends to cause serious bodily injury and unlawfully commits an act clearly dangerous to human life that causes the death of another.

"Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. [emphasis added.]

Then the charge stated the elements of the offense of murder and applied the law to the facts as to murder:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 31st day of October, 1980 in Harris County, Texas, at the time and place in question the defendant, Autry Glenn White, did, with intent to commit murder, attempt to cause the death of R.E. Magee by intentionally shooting a gun in the direction of R.E. Magee, then you will find the defendant guilty of attempted murder.

If you find from the evidence beyond a reasonable doubt that on or about the 31st day of October, 1980 in Harris County, Texas, the defendant did intentionally or knowingly attempt to cause the death

of R.E. Magee by shooting in the direction of R.E. Magee, but you have a reasonable doubt as to whether R.E. Magee was then and there a peace officer acting in the lawful discharge of an official duty or as to whether Autry Glenn White then and there knew that R.E. Magee was a peace officer at the time of the alleged shooting, if any, then you will find the defendant guilty of attempted murder, but not attempted capital murder.

Thereafter the charge continued with transition paragraphs requiring resolving any reasonable doubts in favor of the lesser offense or acquittal and finished with pattern instructions.

Appellant argues that the indictment only contains allegations which comply with § 19.02(a)(1), while the charge submitted to the jury authorizes conviction on a theory based upon § 19.02(a)(2).[1]

■ It is fundamental error for a trial court's charge to authorize conviction on a theory not alleged in the indictment. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App. 1979); *Hanks v. State*, 625 S.W.2d 433 (Tex. App.—Houston [14th District] 1981, no PDR). However, a close reading of the charge indicates that the court did not authorize the jury to find appellant guilty of attempted capital murder based upon § 19.-02(a)(2). In determining whether there has been a fundamentally erroneous expansion of the allegations contained in the indictment, this court must look to the portion of the charge which applies the law to the facts. *Jones v. State*, 576 S.W.2d 393 (Tex. Cr.App.1979); *Hanks v. State, supra*. We find that although the court incorrectly included in its charge a surplus definition as to murder under § 19.02(a)(2), said definitions came after the court had already completed the portion of the charge dealing with attempted capital murder. Also, said definitions were not included in the portion

1. Tex.Penal Code Ann. § 19.02(a) (Vernon 1974) provides that a person commits the offense of murder if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or
(3) . . . .

of the charge which applied the law to the facts, and said definitions were not objected to by appellant. Therefore, we find no fundamental error in the court's charge and overrule appellant's second ground of error.

In his third ground of error, appellant contends that Tex.Penal Code Ann. § 19.03 (Vernon 1974) only provides that a person commits capital murder if he commits murder as defined under § 19.02(a)(1). Appellant therefore argues that since the court's charge allowed the jury to find appellant guilty of capital murder based upon § 19.-02(a)(2), the court charged the jury on an offense which does not exist. However, since we held under appellant's second ground of error that the court's charge did not authorize the jury to find appellant guilty of attempted capital murder based upon § 19.02(a)(2), appellant's third ground of error is overruled.

In his fourth ground of error, appellant contends that he did not receive a fair and impartial trial because the jury improperly discussed "early release and/or parole, shock probation and probation." This ground is based upon the testimony of William Pease, a juror in the case. At the motion for a new trial, Mr. Pease testified that he had wanted to give appellant a five year sentence and that one of the other jurors said, ". . . . [o]h, he'll be out in a week or two if you give him five years." Mr. Pease could not recall which juror made the statement and when asked whether he believed the statement to be true, he said, "I didn't really know. I wasn't too familiar with it. People are saying they're on the street before you really know it. I didn't really believe it to be two weeks out of a year." According to Mr. Pease's testimony, another juror stated that if they did not give appellant a sentence of at least ten years and one day, that the judge could "parole" him immediately. Mr. Pease felt that this was a factor in his agreeing on an eleven year sentence.

The state called the jury foreman, James L. Webb, to testify at the motion for new trial. Mr. Webb stated that the question of parole was brought up in the jury delibera-tion room and was discussed for "just a second." According to Mr. Webb, the conversation regarding parole ended when somebody said, "wait a minute, we can't discuss that." Mr. Webb testified that some of the jurors wanted the maximum sentence, one juror wanted the minimum sentence, and most of the jurors wanted a sentence in the area in which they "wound up." Mr. Webb believed that the eleven year sentence was reached through compromise.

■ The Texas Court of Criminal Appeals pointed out in *Sanders v. State,* 580 S.W.2d 349, 351 (Tex.Cr.App.1978), "although not every mention of the law requires reversal, *jury discussion of the parole laws is always misconduct.*" Whether a discussion of parole laws by the jury constitutes reversible error depends upon the particular circumstances of each case. *Sanders v. State, supra.* In the recent case of *Munroe v. State,* 637 S.W.2d 475 (Tex.Cr.App. 1982) the Court of Criminal Appeals set forth the following test for determining whether the trial court reversibly erred in refusing to grant the defendant a new trial:

That test is: the defendant must show (1) that *any* discussion of the parole laws took place during the jury's deliberations (thereby showing jury misconduct), and (2) that the discussion denied him a fair and impartial trial. The latter requirement can be met by showing that even a single juror voted for an increased punishment because of the discussion of the parole laws.

In the *Munroe* decision, the court explicitly rejected the "five-prong" test for reversible error as alluded to in *Heredia v. State,* 528 S.W.2d 847 (Tex.Cr.App.1975).

■ In the case at bar, Mr. Pease's testimony established that a statement was made regarding parole laws. However, Mr. Pease admitted that he did not really believe that appellant would only serve "two weeks out of a year" and was unable to testify that this statement caused him or any other juror to vote for an increased punishment. Appellant has made no showing that the discussion denied him a fair

and impartial trial. Therefore we conclude that the second prong of the *Munroe* test has not been met.

█ Appellant also points out that during the deliberations, a juror made the statement that the judge could "parole" appellant immediately if they did not sentence him to at least 10 years and one day. Mr. Pease even indicated that this statement was a factor in his agreeing on the eleven year term. However, Mr. Pease later admitted that he confused the term "parole" with the term probation and that the juror had said that the judge could give the appellant "probation" if they did not sentence appellant to over 10 years. This is a correct statement of the law, and it has been held that a correct statement of probation law discussed by the jury does not constitute other evidence as to require reversal. *Martinez v. State,* 533 S.W.2d 20 (Tex.Cr.App.1976). Appellant's fourth ground of error is overruled and the judgment of the trial court is affirmed.