Ana Lucia GELABERT, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–84–0617–CR, 01–84–0618–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 5, 1986.

Rehearing Denied July 10, 1986.

Ana Lucia Gelabert, pro se.

John B. Holmes, Jr., Harris County Dist. Atty., James C. Brough, Rusty Hardin, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

HOYT, Justice.

This is an appeal from two convictions for attempted capital murder of a police officer. The appellant entered pleas of not guilty. The jury assessed punishment at confinement for life in each case. We affirm.

On December 26, 1983, the appellant returned to Houston to visit her children from a former marriage. Following a quarrel with her children, she placed a gun to her head and threatened to commit suicide. The children, and the appellant's former spouse, phoned the police from a neighbor's home. The police were informed that the appellant was in the house, armed, and threatening suicide.

When the police arrived, the appellant armed herself with a semi-automatic rifle and fired upon the officers numerous times. During the exchange of fire, the appellant and one of the officers were wounded. At trial, the appellant testified that she did not want to kill the police

officers, but fired at them hoping that they would kill her.

Notice of appeal was given, and the trial court appointed Kristine Woldy to represent the appellant on appeal. Later, the appellant wrote to the trial court requesting that Woldy be removed and "if adequate substitute counsel could not be found," she reluctantly would represent herself. On March 6, 1985, the trial court granted the appellant's request to represent herself.

On April 11, 1985, this Court entered an order directing the trial court to conduct a hearing and make a finding as to whether appellant wished to "voluntary, knowingly, and *unconditionally* waive her right to representation by counsel." This order was necessary because it appeared that appellant's decision to represent herself on appeal was based on the trial court's refusal to appoint different counsel.

At the hearing, the appellant repeatedly stated that she wanted "to represent herself with the assistance of a lawyer." She cited *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), for the authority to appoint standby counsel. The trial court responded that the appellant could not represent herself and have counsel for appeal, did not make any findings but ordered that a transcript of the hearing be prepared. In the interim, appellant filed a pro se appellate brief on June 1, 1985.[1] On July 3, 1985, this Court found that the appellant had not "unconditionally" waived her constitutional right to counsel on appeal and concluded that "appellant's requests to represent herself were calculated to obstruct the orderly procedure of this court and to interfere with the fair administration of justice." We abated the appeal and instructed the trial court to appoint counsel to assure the effective assistance of counsel on appeal.

On July 11, 1985, the trial court appointed Doug O'Brien to represent the appellant as directed by this Court. A pauper's oath was signed by O'Brien in appellant's behalf because appellant was in custody.[2] On September 30, 1985, O'Brien filed a motion to abate the appeal and for the trial court to conduct an evidentiary hearing in light of appellant's absolute desire to represent herself on appeal.[3] On October 10, 1985, this Court denied O'Brien's motion to abate and stated:

> This Court will entertain no further motion to abate or request by appellant to represent herself unless she executes an unconditional written waiver of her right to counsel on appeal which shall accompany such motion to be filed within twenty (20) days from the date of this order.

On October 21, 1985, the appellant filed a pro se petition for self-representation, unconditionally waiving her right to counsel, and "as a separate petition" requested standby counsel. On October 31, 1985, this Court issued an order denying appellant's motion for self-representation, and on January 30, 1986, O'Brien filed a brief in appellant's behalf.[4]

On March 20, 1986, the appellant filed another pro se motion for self-representation. This motion did not request standby counsel. Nevertheless, on April 3, 1986, this Court issued an order denying appellant's motion indicating "it was calculated to obstruct the orderly procedure of this court and interfere with the fair representation of justice."

---

1. The appellant filed a pro se reply brief on 12–23–85, and at page 5 she stated, "SELF REPRESENTATION WAS REQUESTED WHETHER OR NOT STANDBY COUNSEL WAS GRANTED." Appellant filed another pro se reply brief on 4–22–86.

2. The appellant contends that the pauper's oath constitutes a forgery as she did not sign the document or authorize O'Brien to sign.

3. The appellant sent letters to O'Brien and to the State Bar requesting that O'Brien withdraw because appellant wished to represent herself.

4. On 10–30–85, O'Brien had filed a brief arguing that appellant had a right to proceed pro se. This Court issued an order on 12–3–85 requesting that counsel fully brief all grounds of error of which appellant desired to complain on appeal.

This Court has exercised much caution in an effort to protect the appellant's constitutional rights. As a result, we now have for review a pro se brief filed by the appellant as well as a brief filed by her counsel. This Court's determination that the appellant could not represent herself on appeal was based on appellant's refusal to "unconditionally waive her right to counsel," in that appellant consistently demanded standby counsel.[5]

In *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that an accused has a constitutional right to self-representation at trial and a State may not force an accused in a criminal prosecution to accept the assistance of counsel. This right is also applicable to the appellate courts. *Webb v. State,* 533 S.W.2d 780 (Tex.Crim. App.1979).

In *Saunders v. State,* No. 12-84-0152-CR (Tex.App.—Tyler, November 14, 1985) (not yet reported), the court stated that in its opinion, the Court of Criminal Appeals had not clearly interpreted *Faretta.* The court concluded that in its reading of *Faretta,* a trial judge may not deny a defendant's demand for self-representation simply because the record before him does not establish a valid waiver of his right to counsel.

■ In the interest of justice and to protect the appellant's constitutional rights, we withdraw our orders of October 31, 1985, and April 3, 1986, and permit appellant to represent herself on appeal. We have reviewed the brief filed by appointed counsel to determine whether it contains any additional issues that we, in the interest of justice, should consider. We have found none. Such action by this Court should *not* be construed to suggest that an appellant is constitutionally entitled to hybrid representation or standby counsel.

■ Appellant's first ground of error complains that the consent to search her

car was invalid because it was secured while she was in the hospital under medication. The validity of appellant's consent was a question of fact for the court. *Draper v. State,* 539 S.W.2d 61 (Tex.Crim. App.1976). Investigator Gary Johnson testified that she was alert, knew what she was doing, and willingly signed the consent after receiving a Miranda warning. The court was entitled to reject appellant's testimony after determining from the totality of the circumstances that appellant knew what she was doing. *Paulus v. State,* 633 S.W.2d 827, 851 (Tex.Crim.App.1981). The court did not err in overruling the motion to suppress. Appellant's first ground of error is overruled.

■ In grounds of error 2, 3, 6–10, 17–21, and 23–24, the appellant either argues outside the record or raises these grounds for the first time on appeal. Assertions in an appellate brief that are not supported by the record will not be accepted as fact. *Vanderbilt v. State,* 629 S.W.2d 709, 717 (Tex.Crim.App.1981). A party may not offer additional testimony in the case after the testimony is closed, judgment rendered on the jury's verdict, and sentence pronounced. *Clark v. State,* 424 S.W.2d 445 (Tex.Crim.App.1968). Further, assertions made for the first time on appeal are not matters that this Court may review because they do not represent error preserved for review. *Schneider v. State,* 645 S.W.2d 463, 466 (Tex.Crim.App.1983). These grounds of error are overruled.

■ Appellant's fourth ground of error complains that the State violated her motion in limine. The appellant directs our attention to that part of the record where her counsel objected to a question by the prosecutor as violating appellant's motion in limine. The record reflects that a portion of the motion in limine requested that the trial court direct that the State not allude to or mention that appellant had

---

5. Standby counsel is usually granted by the trial court when a defendant decides to represent himself at trial. While this is the preferred practice, it is not mandatory. *McKaskle v. Wig-*

*gins,* 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *McQueen v. Blackburn,* 755 F.2d 1174 (5th Cir.1985).

come back to Houston from California intending to kill her ex-spouse. When reference was made to the fact that appellant's daughter called the police just before appellant's ex-spouse returned home, appellant objected and requested to argue a motion outside the presence of the jury. The judge excused the jury, and following a discussion, overruled appellant's objection. We have reviewed the record and find that the order granting appellant's motion was not violated. Appellant's fourth ground of error is overruled.

Appellant's fifth and eighteenth grounds of error complain that the State made prejudicial statements and the trial court made prejudicial rulings against her. These contentions generally refer to the prosecutor's vigorous prosecution and the court's rulings that overruled her objections. The arguments are multifarious; *Tyra v. State,* 534 S.W.2d 695 (Tex.Crim.App.1976); nothing is presented for review. The appellant's fifth and eighteenth grounds of error are overruled.

■ Appellant's ninth and sixteenth grounds of error complain that she should have been tried for attempted voluntary manslaughter. No request was made for such charge, and no objection was made for the lack of such charge. Nothing is preserved for review. *Turner v. State,* 688 S.W.2d 698 (Tex.App.—Houston [1st Dist.] 1985, pet. granted). Appellant's ninth and sixteenth grounds of error are overruled.

In grounds of error 11, 12, 14, 15, and 25, the appellant contends that specific intent to kill is an element of the offense of attempted capital murder of a peace officer and error occurred in that both indictments omitted the element. Appellant asserts that the court, over counsel's objection and request, did not include the element in the charge and permitted the prosecutor to argue that intent to kill was not needed to convict.

The relevant language from the indictments and charge used in each cause provided in pertinent part that:

[Appellant] *with intent to commit capital murder,* attempted to cause the

death of [complainant], a peace officer in the lawful discharge of an official duty, by *intentionally* shooting a gun in the direction of the complainant, knowing at the time that the complainant was a peace officer. (Emphasis added).

■ The offense of "Criminal Attempt" is defined in Tex. Penal Code Ann. sec. 15.01 (Vernon Supp.1985). Section 15.01(a) states:

A person commits an offense if, *with specific intent to commit an offense,* he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. (Emphasis added).

The indictments specifically stated that appellant intended to commit capital murder and attempted to cause the death of the officers. The statement in the indictment that appellant did the act of "intentionally shooting a gun in the direction of the complainants," clearly an allegation of an act amounting to "more than mere preparation," plainly and intelligently sets out the offense charged. *See White v. State,* 642 S.W.2d 238, 239 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

Further, capital murder is committed if the actor intentionally *or* knowingly causes the death of a peace officer, who is acting in the lawful discharge of an official duty and who the person knows is a peace officer. Tex. Penal Code Ann. sec. 19.03(a)(1). A person acts knowingly when he is aware that his conduct is reasonably certain to cause the result. Tex. Penal Code Ann. sec. 6.03(b). Because "knowing" is a sufficient mental state for attempted capital murder, the State was not required to prove additionally that the appellant shot at the officers with the "intent to kill."

The appellant misconstrues *Flanagan v. State,* 675 S.W.2d 734 (Tex.Crim.App.1984), in asserting that the principle that intent must be proved in an attempted murder case is also applicable to attempted capital murder cases. Appellant overlooks the fact that the culpable mental state, i.e., intent to commit an act clearly dangerous,

is supplied when the person is aware that his conduct could with reasonable certainty cause death as opposed to the requirement in murder that specific intent to cause serious bodily injury or death be shown. These grounds of error are overruled.

 Appellant's thirteenth ground of error complains that if "knowing" is a sufficient mental state for attempted capital murder, then specific intent in Tex.Penal Code Ann. sec. 15.01(a) (Vernon 1985) is unconstitutionally vague. This is not an assignment of error because it fails to apprise this Court of how this statute is unconstitutional. Appellant's thirteenth ground of error is overruled.

Appellant's twenty-second ground of error complains that she was denied effective assistance of counsel because her counsel had not read the statutes and was unaware of the distinction between proof under secs. 19.02(a)(1) and 19.02(a)(2) and (3) of the Texas Penal Code. The record does not reflect that defense counsel was not familiar with these provisions. Furthermore, appellant has not shown that, but for her counsel's error, the result of the proceeding would have been different, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), or that she was thereby denied a fair and impartial trial. Appellant's twenty-second ground of error is overruled.

The judgment is affirmed.