Affirmed and Memorandum Opinion filed November 20, 2003














Affirmed and
Memorandum Opinion filed November 20, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00160-CR

____________

 

HENRY THOMAS LAZENBY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

______________________________________________

 

On Appeal from
the 179th District Court

Harris County, Texas

Trial Court
Cause No. 933,595

 

______________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant pleaded guilty to the
offense of evading arrest and the trial court assessed punishment at three
years’ confinement.  On appeal, appellant
contends he was denied effective assistance of counsel which caused him to
involuntarily plead guilty.  We affirm.

Factual Background

          On December 16, 2002, appellant
fled in an automobile as a Houston Police Officer attempted to detain him.  Appellant was charged with evading arrest and
the trial court appointed counsel to represent him.  Appellant pleaded guilty to evading arrest
without an agreed recommendation on punishment. 
According to the record, appellant signed an “Admonishments, Statements,
and Waivers” form, stating he understood the charges against him and the
consequences of his plea after fully discussing the situation with his trial
counsel.  Appellant further acknowledged
in this form that he was completely satisfied with the representation provided
by his counsel.  Appellant did not file a
motion for new trial.  

Discussion

          In his sole
issue for review, appellant contends he was denied effective assistance of
counsel because his trial counsel coerced him to plead guilty.  Appellant contends he was forced to make a
hasty decision after being deprived of sleep for several days.  He claims that he realized several days later
that he entered a plea of guilty and was sentenced to three years in prison.

            In order to invalidate a plea of
guilty based upon ineffective assistance of counsel, the appellant must be able
to satisfy the Strickland test by a
preponderance of the evidence.  Flakes v. State, 802 S.W.2d 844, 852
(Tex. App.—Houston [14th Dist.] 1990, pet. ref’d)
(citing to Strickland v. Washington,
466 U.S. 668 (1984)); see Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App.
1999).  Appellant must first demonstrate
that his counsel’s representation fell below the objective standard of
reasonableness.  Flakes, 802 S.W.2d at 852.  Second, appellant must prove that there
is a reasonable probability that but for counsel’s errors, he would not have
pleaded guilty but would have instead insisted on proceeding to trial.  Id.  An
allegation of ineffectiveness must be firmly founded in the record and the
record must affirmatively demonstrate the alleged ineffectiveness.  McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996).  When the record is silent as to
trial counsel’s strategy, we will not speculate as to counsel’s tactics or
reasons for taking or not taking certain actions.  Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). 
Without any evidence of counsel’s strategy and methods employed at
trial, we presume sound trial strategy.  Thompson, 9 S.W.3d at 814.  

            Here, appellant fails to satisfy the
first prong of the Strickland test
because he does not provide any proof that counsel forced him to enter a guilty
plea.  Appellant does not cite to any
portion of the record, and we could not find any evidence, that indicated
appellant was coerced in any manner.  We
find the record firmly establishes that appellant knowingly and voluntarily
pleaded guilty and that trial counsel’s representation was effective.

            Because appellant waived the
presence of a court reporter and failed to file a motion for a new trial, the
appellate record consists solely of the written assertions and waivers signed
by appellant.  In these documents,
appellant stated that he understood (1) the charges against him; (2) the
punishment range for the offense; and (3) his right to a jury trial.  The documents further show that appellant
entered his plea voluntarily and knowingly and was satisfied with the
representation he had received.  In the
“Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession” signed by appellant and his trial counsel, appellant’s counsel
stated appellant entered his plea voluntarily and knowingly after they
discussed the plea and its consequences. 
Counsel also stated, “I believe that he is competent to stand
trial.”  Additionally, the trial court
found appellant entered his guilty plea knowingly and voluntarily and that
appellant’s attorney was competent. 
Finally, the record does not contain any evidence that appellant had not
slept for three days, impairing his mental faculties.[1]  In fact, appellant specifically stated that
he understood the consequences of his plea and he was “mentally competent to
stand trial . . . .”  Assertions made in
appellant’s brief which are unsupported by the record are not to be accepted as
fact.  See Gelabert v. State, 712 S.W.2d 813,
816 (Tex. App.—Houston [1st Dist.] 1986, pet. ref’d).  Therefore, because appellant’s claim is not
firmly founded in the record, appellant has failed to overcome the presumption
that counsel’s actions were consistent with sound trial strategy.  See
Thompson, 9 S.W.3d at 814; McFarland,
928 S.W.2d at 500.  Accordingly,
appellant failed to satisfy the first prong of the Strickland test because he did not prove by a preponderance of the
evidence that his trial counsel’s actions fell below the objective standard of
reasonableness.  Having failed to satisfy
the first prong of the Strickland
test, we need not address the second prong.[2]  See
Flakes, 802 S.W.2d at 853. 
Appellant’s sole issue on appeal is overruled.

            Therefore, we affirm the judgment of
the trial court.

 

 

 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed November 20, 2003.

Panel
consists of Justices Edelman, Hudson, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 

 











            [1]  Appellant asserts in his brief that he was
“unknowingly forced to plead guilty” by his trial counsel because he had been
sleep deprived for three days.  This
contention is irrelevant because lack of sleep through the fault of appellant
will not render a confession or plea of guilty involuntary.  See
Chambers v. State, 866 S.W.2d 9, 20 (Tex. Crim.
App. 1993; Rodriquez v. State, 934
S.W.2d 881, 890 (Tex. App.—Waco 1996, no writ); Charles v. State, No. 14-01-01247-CR,
2003 WL 21511268, at *5 (Tex. App.—Houston [14th Dist.] July 3, 2003) (not designated for publication).  





            [2]  We note, however, there is no evidence in the
record that but for the claimed errors of trial counsel, appellant would not
have entered a guilty plea.