Opinion issued April 29, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00405-CR




ALBERTO BAKARI GILLESPIE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 942777




MEMORANDUM OPINION

          Appellant, Alberto Bakari Gillespie, pleaded not guilty to the offense of
aggravated robbery and true to a punishment enhancement paragraph. After appellant
waived the right to a trial by jury, the court found appellant guilty, found the
enhancement paragraph true, and assessed punishment at 45 years’ confinement. On
appeal, appellant’s appointed counsel filed an Anders brief


 stating that she could find
no arguable points of error. Appellant filed a pro-se response to counsel’s Anders
brief asserting two issues that, in his belief, constitute arguable grounds for appeal. 
Appellant contends that the evidence was factually insufficient to sustain his
conviction and that he was denied effective assistance of counsel. We conclude that
appellant has raised no arguable grounds for appeal, affirm, and grant counsel’s
motion to withdraw.
Background
          At about 1 a.m. on June 2, 2002, while speaking to his wife on a pay phone at
a convenience store, Ruben Maldonado was approached by appellant and two other
males. Appellant fired a gunshot into Maldonado’s leg and demanded Maldonado’s
money. While Maldonado removed his jewelry, he repeatedly told his attackers that
he would give them everything. During the robbery, appellant pointed the firearm at
Maldondo’s head and threatened to shoot him, while the second man hit Maldonado
in the head, and the third man searched inside of Maldonado’s car. Maldonado gave
the men his wallet and four rings, and the men left together in a black Ford
Expedition.
          Maldonado memorized the Expedition’s license plate number and gave the
number to his wife, who had remained on the telephone. Maldonado gave police
officers who arrived at the scene a description of the gunman. Police officers also
obtained a videotape made by John Luna that reflected what happened after Luna
heard the gunshot. Luna was recording his friend washing a car at a nearby car wash
and turned to record the robbery after hearing the gunshot. From Maldonado’s and
Luna’s descriptions, police officers determined that the license plate number to the
Expedition used in the robbery was either 025BTD or 025MTD.
          Five days after the robbery, a dark blue Ford Expedition with license plate
number D25BTD was involved in a failure-to-stop and give information (FSGI) auto
accident. The vehicle was linked to two suspects, appellant and Janiero Parish. 
Police officers placed photographs of appellant and Parish into two separate
photospreads. Each photospread contained the photographs of six black males. 
Maldonado positively identified appellant as the gunman in one of the photospreads,
and he positively identified Parish in the other photospread as the person whom he
had seen inside his vehicle on the night of the robbery.
Anders Procedure
          Under Anders, after this Court receives a brief from the defendant’s court-appointed attorney claiming that there are no arguable grounds for appeal, we must
review the record to make an independent determination of that issue. Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We consider any pro se
response that the defendant may file to the Anders brief, but we do not rule on the
ultimate merits of the defendant’s pro se response. If we determine that there are
arguable grounds for appeal, we must abate the appeal, remand the case to the trial
court, and allow the court-appointed attorney to withdraw. Id. The trial court must
then either (1) appoint another attorney to present all arguable grounds for appeal or
(2) allow the defendant to proceed pro se if the defendant so desires. Id.
Factual Sufficiency
          In his first issue, appellant contends that the evidence was factually insufficient
to prove that he committed aggravated robbery.
          When reviewing the factual sufficiency of evidence, we examine all of the
evidence neutrally and ask whether proof of guilt is so obviously weak as to
undermine confidence in the jury’s determination or so greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred. Zuliani v. State,
97 S.W.3d 589, 593-94 (Tex. Crim. App. 2003); King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000); Valencia v. State, 51 S.W.3d 418, 423 (Tex. App.—Houston
[1st Dist.] 2001, pet. ref’d). In conducting our analysis, if probative evidence
supports the verdict, we must avoid substituting our judgment for that of the
trier-of-fact, even if we disagree with its determination. King, 29 S.W.3d at 563. We
may not intrude upon the jury’s role as the sole judge of the weight and credibility of
witness testimony. Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). 
Accordingly, we will reverse only if, after viewing all the evidence neutrally, we
determine that the verdict is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).
          Appellant contends that the evidence is factually insufficient because the only
witness identifying him as the robber was the complainant and because the evidence
established only that he was in or near a vehicle involved in the robbery. Appellant
also asserts that the photospread was suggestive, because several of the males in the
photos were heavier than appellant, lighter in complexion than appellant, had facial
hair unlike appellant, and were older than appellant. Appellant did not object on the
grounds that the photospread was suggestive during trial, but even if he had, we
would not consider evidentiary complaints in our sufficiency-of-the-evidence
reviews. See Johnson v. State, 95 S.W.3d 568, 573 (Tex. App.—Houston [1st Dist.]
2002, pet. ref’d). In our sufficiency-of-the-evidence review, we consider all of the
evidence at trial, whether properly or improperly admitted. See id. Accordingly,
appellant’s concerns about the composition of the photospread are not addressed
during our factual-sufficiency review of his conviction. See id. 
          Maldonado’s testimony established that in Harris County, Texas, on or about
June 2, 2002, while in the course of committing theft of Maldonado’s property and
with intent to obtain or maintain control of the property, appellant intentionally or
knowingly threatened or placed Maldonado in fear of imminent bodily injury or death
and did then and there use or exhibit a firearm. See Tex. Pen. Code Ann. § 29.03 (a)
(Vernon 2003). Maldonado positively identified appellant as the individual who
robbed and shot him, both on viewing the photospread and in court during trial. 
Maldonado testified that lights by the payphones clearly illuminated appellant’s face. 
Referring to appellant, Maldonado testified that, during the robbery, “I never took my
eyes off of him . . . .” Maldonado’s identification of appellant was supported in part
by evidence that appellant was linked to a vehicle similar in description to the vehicle
used in the aggravated robbery.
          Appellant denied being a participant in the aggravated robbery of Maldonado,
but he admitted that he was in the dark blue Expedition with Janiero Parish when
Parish was arrested for FSGI. Appellant claimed that his brother stole the Expedition
about eight days before June 2, 2002 and that someone else robbed Maldonado. By
the jury’s verdict of guilty, we conclude that the jury found Maldonado’s testimony
more credible than appellant’s. We will not intrude upon the factfinder’s role as the
sole judge of the weight and credibility of witness testimony. See Vasquez, 67 S.W.3d
at 236. After examining all of the evidence neutrally, we conclude that the proof of
guilt is not so obviously weak as to undermine confidence in the jury’s determination
and not so greatly outweighed by contrary proof as to indicate that a manifest injustice
has occurred. See Zuliani, 97 S.W.3d at 593-94. We conclude that the verdict is not
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. See Clewis, 922 S.W.2d at 129.
          We conclude that appellant’s first issue is without merit.Ineffective Assistance of Counsel
          In his second issue, appellant contends that his trial counsel was ineffective
because, among other complaints, trial counsel did not: (1) visit appellant more than
three times prior to trial; (2) subpoena witnesses; (3) fully investigate; (4) impeach the
complaining witness; and (5) present a defense. Appellant contends that his
relationship with counsel deteriorated after appellant filed three grievances against his
trial attorney. The standard for evaluating ineffective assistance of counsel claims is
set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986); Gamble v.
State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). To be
entitled to a new trial on the ground that his trial counsel was ineffective, appellant
must show that (1) counsel’s performance was so deficient that he was not functioning
as acceptable counsel under the Sixth Amendment, and that (2), but for counsel’s
error, the result of the proceedings would have been different. See Strickland, 466
U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d at 93. In determining whether
the Strickland test has been met, we focus on the totality of the representation
afforded, not on individual alleged errors. See Ex parte Welborn, 785 S.W.2d 391,
393 (Tex. Crim. App. 1990). The defendant bears the burden to prove ineffective
assistance of counsel. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916
S.W.2d at 93. A defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Gamble, 916 S.W.2d at 93. A claim
of ineffective assistance of counsel must be firmly supported in the record. 
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).
          The record does not support any of appellant’s assertions concerning his trial
counsel. For example, the record does not establish the number of times counsel
visited with appellant, whether counsel investigated appellant’s defense, whether any
defense subpoenas for witnesses should have been issued, whether any impeachment
evidence concerning the complaining witness was available, whether any grievances
were filed against trial counsel and how that may have affected his relationship with
appellant. Assertions in an appellate brief that are not supported by the record will not
be accepted as fact. Gelabert v. State, 712 S.W.2d 813, 816 (Tex. App.—Houston [1st
Dist.] 1986, no pet.). We conclude that the record fails to support appellant’s
contentions concerning trial counsel’s trial preparation and investigation of the facts
of the case. See McFarland, 928 S.W.3d at 500. We will not make a finding of
ineffectiveness based on speculation. See Gamble, 916 S.W.2d at 93. Moreover, trial
counsel, through appellant’s testimony, presented a defense that appellant did not
commit the robbery. Appellant has failed to meet his burden to prove that trial counsel
was ineffective.
          We conclude that appellant’s second issue is without merit.
Conclusion
          After reviewing appellant’s pro se responses and conducting an independent
examination of the appellate record, we conclude that there are no arguable grounds
for appeal. Accordingly, we affirm the judgment of the trial court and grant counsel’s
motion to withdraw.



 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).