**Affirmed as Modified and Memorandum Opinion filed December 5, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00767-CR

---

**WILLIAM EDWARD ERICKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1286119**

---

## M E M O R A N D U M   O P I N I O N

Appellant William Edward Erickson pleaded guilty to murder, and the trial court assessed punishment at confinement for life in prison. In three issues, appellant challenges his conviction on the grounds that (1) the trial court erred in sentencing him in the absence of a complete presentence investigation report (PSI); (2) the trial court predetermined his life sentence rendering his guilty plea involuntary; and (3) the court costs reflected in the judgment are not supported by

sufficient evidence. We sustain appellant's third issue. Finding no reversible error in his remaining issues, we modify the trial court's judgment to delete the specific amount of court costs and affirm the judgment as modified.

## I. BACKGROUND

Appellant entered a plea of guilty to murder. The trial court deferred entering a finding of guilt and ordered preparation of a PSI.

According to the PSI, on November 20, 2010, appellant and others went to a motel room where the complainant was administering tattoos. Several witnesses related that appellant and the complainant argued over the price of the tattoo at which time appellant shot the complainant between two and four times killing him. According to appellant, the disagreement with the complainant stemmed from the price of Xanax pills, not the tattoo. At the time of this offense, appellant was on deferred adjudication probation for evading arrest and attempted aggravated assault. The evading arrest charge arose from an attempted traffic stop in which appellant fled because he had an outstanding arrest warrant for criminal mischief. Appellant admitted that on the night of the offense he had been drinking beer, taking pills, and using "crystal meth."

The PSI lists appellant's prior criminal record dating back to 1997. Appellant's record reflects convictions for driving while intoxicated, theft of a firearm, possession of marijuana, evading arrest with a motor vehicle, burglary of a motor vehicle, assault causing bodily injury, and criminal mischief.

In a section entitled, "Mental health," the PSI reports that appellant was evaluated while incarcerated in the Harris County Jail and was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD), Bipolar Disorder, and Panic Disorder with Agoraphobia. Appellant reported that he had been previously

2

prescribed Risperdal and Trileptal, but was currently not taking any medications.

In a section entitled, "Alcohol/Drug Usage," the PSI reported that appellant reported drinking alcohol and using marijuana since he was fifteen years old, but stopped using marijuana when he was twenty-eight years old. He began using cocaine at the age of sixteen and has never stopped using it. Appellant began using methamphetamines when he was twenty-four years old and admitted to using methamphetamines the night of the offense. Appellant began using LSD at the age of sixteen, but stopped when he was twenty years old. At the age of twenty-one, appellant began using Ecstasy, but stopped when he was twenty-nine. Appellant stated he began using Xanax when he was twenty years old, but stopped in 2010, at the age of thirty. Appellant attended an inpatient treatment program in 1997 for drug addiction, but left due to "financial problems." Appellant reported attending twelve-step meetings while in the Harris County Jail.

Under "Sentencing Options" the report stated:

Due to the nature of the charges currently pending against the defendant and the subsequent cases pending in Polk County, Texas, the defendant is not considered appropriate for supervision either in the community or within a community based program. Accordingly, this section has been omitted.

At the PSI hearing, the complainant's parents and sister testified to the impact of the complainant's death on their lives. Stephen Wyatt testified that appellant and a friend attempted to steal his truck outside of a convenience store in Polk County. When Wyatt tried to stop them, appellant drove the truck into the convenience store hitting Wyatt and breaking his leg. Deputy Vance Berry of the Polk County Sheriff's Department testified that appellant was arrested after the incident in Polk County. After hearing closing arguments the trial court sentenced appellant to life in prison.

# II. ANALYSIS

## A. PSI Report

In his first issue appellant contends the trial court erred in sentencing him in the absence of statutorily required information in the PSI. Specifically, appellant challenges the absence of (1) a proposed client supervision plan, (2) a drug and alcohol evaluation, and (3) a psychological evaluation. Article 42.12 section 9 of the Texas Code of Criminal Procedure provides in part:

(a) Except as provided by Subsection (g), before the imposition of sentence by a judge in a felony case, . . . the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge. It is not necessary that the report contain a sentencing recommendation, but the report must contain a proposed client supervision plan describing programs and sanctions that the community supervision and corrections department would provide the defendant if the judge suspended the imposition of the sentence or granted deferred adjudication.

* * *

(h) On a determination by the judge that alcohol or drug abuse may have contributed to the commission of the offense, . . ., the judge shall direct a supervision officer approved by the community supervision and corrections department or the judge or a person, program, or other agency approved by the Texas Commission on Alcohol and Drug Abuse, to conduct an evaluation to determine the appropriateness of, and a course of conduct necessary for, alcohol or drug rehabilitation for a defendant and to report that evaluation to the judge.

* * *

(i) A presentence investigation conducted on any defendant convicted of a felony offense who appears to the judge through its own observation or on suggestion of a party to have a mental impairment shall include a psychological evaluation which determines, at a

4

minimum, the defendant's IQ and adaptive behavior score. The results of the evaluation shall be included in the report to the judge as required by Subsection (a) of this section.

On appeal, appellant complains of the absence of the above-listed information, but failed to object to its absence in the trial court. At the beginning of the PSI hearing, the trial court asked defense counsel if he had any objections to the PSI report as written. Counsel responded,

> Yes, Your Honor. On page 14, basically the complaining witness' mother is interviewed for the PSI. And Joe and I have agreed to redact the first two paragraphs on page 14. That's the paragraph starting with: Ms. Ainsworth, and then both of them, two paragraphs. One is the longer one. The second one is only two lines long. And other than that, Your Honor, we're okay with it.

Appellant did not request any additional information for the PSI, nor did he object to the absence of additional information.

The right to a PSI may be forfeited by a failure to object. *Griffith v. State*, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005); *see also Summers v. State*, 942 S.W.2d 695, 696–97 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Likewise, the right to a community supervision plan, a drug and alcohol evaluation, and a psychological evaluation as a part of a PSI may be forfeited by a failure to object. *See Griffith*, 166 S.W.3d at 265 ("the plain meaning of the language of Section 9, when read in the context of the entirety of Article 42.12, does not require that the trial court have a report prepared" when the defendant waives preparation of a PSI"); *Torres v. State*, 391 S.W.3d 179, 182 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (recognizing that article 42.12 does not state whether trial court is required to order drug and alcohol evaluation sua sponte, but holding that error was waived because the contention made on appeal was not made in the trial court); *Welch v. State*, 335 S.W.3d 376, 382 (Tex. App.—Houston [14th Dist.] 2011, pet.

ref'd) (holding that "the right to a psychological evaluation may be forfeited, just as the right to a presentence investigation generally"). Because appellant did not raise these objections in the trial court he did not preserve error for review.

Appellant argues that he had a constitutional right to present mitigating evidence pursuant to *Miller v. Alabama*, 567 U.S. ___, 132 S.Ct. 2455, 2467 (2012), and that by failing to follow the statutory mandates, the trial court violated his right to due process under the United States and Texas Constitutions. Following a line of cases recognizing that juveniles may have less "moral culpability" because of their youth, the Supreme Court in *Miller* held that mandatory life imprisonment without parole for those under the age of eighteen at the time of their crimes violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Miller*, 132 S.Ct. at 2460. The Court required that sentencers "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* Appellant, an adult at the time of the offense, has not cited authority, nor have we found any, extending the Court's holding to sentences of life in prison with the possibility of parole for adult offenders. Moreover, appellant failed to preserve this issue for review by failing to raise this objection in the trial court. *See* Tex. R. App. P. 33.1. We overrule appellant's first issue.

## B. Predetermined Sentence

In his second issue, appellant contends the trial court improperly predetermined appellant's life sentence. Appellant argues that a notation on the plea papers reflects the trial court's predetermination. On the second page of appellant's "Plea of Guilty" there is a paragraph, which states, "I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at _____." Handwritten in the blank is the notation, "Without Agreed

6

Recommendation — PSI." Also handwritten in the blank is the notation, "Life Sentence RR."[1]

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.

I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at _Life Sentence_
_Without Agreed Recommendation — PSI._ RR

d I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor.

DEFENDANT

Appellant contends that the trial court made the notation concerning the life sentence at the time he signed the plea papers, thus predetermining appellant's sentence before reviewing the PSI or hearing evidence. Because appellant failed to object to his life sentence, he has waived error.

A court denies due process of law and due course of law when it arbitrarily refuses to consider the full range of punishment for an offense or refuses to consider the evidence and imposes a predetermined sentence. *Ex parte Brown*, 158 S.W.3d 449, 454 (Tex. Crim. App. 2005); *Teixeira v. State*, 89 S.W.3d 190, 192 (Tex. App.—Texarkana 2002, pet. ref'd). Due process guarantees a defendant the right to a hearing before a "neutral and detached hearing body." *Brown*, 158 S.W.3d at 454 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973)). The defendant can waive complaints of due process violations, however, by failing to object in the trial court to the court's failure to consider the full range of punishment or consider certain evidence. *Eddie v. State*, 100 S.W.3d 437, 441 (Tex. App.—Texarkana 2003, pet. ref'd); *Washington v. State*, 71 S.W.3d 498, 499–500 (Tex. App.—Tyler 2002, no pet.).

---

[1] The trial judge in this case was the Honorable Randy Roll.

In this case, appellant made no objection at the time of his sentencing. Because appellant failed to object at the time the trial court sentenced him, he waived any complaint on appeal. *See Teixeria*, 89 S.W.3d at 192 (holding that appellant failed to preserve complaint that trial court arbitrarily refused to consider entire range of punishment because he failed to make timely objection).

Moreover, there is no evidence in the record indicating when this notation was made or for what purpose. The court's docket sheet reflects that on April 30, 2012:

> Defendant ERICKSON, WILLIAM EDWARD appeared in person with Counsel GONZALEZ, RICARDO N. AARON BURDETTE appeared for the State.
>
> Judge Presiding: ROLL, RANDOLPH EARL
>
> Defendant waived indictment; Felony Information filed. Defendant waived arraignment and entered a plea of GUILTY.
>
> Defendant, appearing to the Court to be sane, is admonished by the Court of the consequences of said plea.
>
> Penalty recommendation of the State is: WITHOUT AGREED RECOMMENDATION—PSI HEARING.

The docket sheet further reflects, on August 22, 2012:

> August 22, 2012 (Wed)
>
> Defendant: William Edward Erickson
>
> With counsel: Ricardo Gonzalez
>
> For State: Joseph Allard
>
> Court reporter, Myrna Hargis
>
> Judge Presiding: Randy Roll
>
> At 11:30 am PSI hearing came to be heard. All parties present. Witnesses were sworn. Both sides presented its evidence. At 12:30 pm Court sentenced defendant to LIFE in prison.
>
> Notice of Appeal was filed at this time.

8

Appeal bond set at No Bond

The record reflects that the court accepted appellant's guilty plea without an agreed recommendation on April 30, 2012. Almost four months later, on August 22, 2012, after holding a PSI hearing, the court sentenced appellant to life in prison. The record reflects that the trial judge's initials are "R.R." and at some time the notation, "Life Sentence R.R." was written on appellant's plea papers. The record does not reflect, as appellant suggests, that the trial court made this notation "when he signed off on the plea papers — after it had left the hands of the defense." We will not accept as fact assertions made in appellant's brief that are not supported by the record. *See Gelabert v. State*, 712 S.W.2d 813, 816 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd).

By failing to object to his sentence, appellant failed to preserve error. Even if appellant preserved error, he has not shown that the handwritten notation evidences a predetermination of appellant's sentence. We overrule appellant's second issue.

## C. Court Costs

In his third issue appellant contends there is insufficient evidence to support $339 in court costs assessed against him in the judgment. In its judgment, the trial court ordered appellant to pay $339 in court costs. Appellant requested the district clerk to include the bill of costs in the appellate record. The clerk's record does not contain a bill of costs. In *Johnson v. State*, 389 S.W.3d 513, 517 (Tex. App.—Houston [14th Dist.] 2012, pet. granted), this court held that if the record does not support the assessment of a certain dollar amount in costs, the trial court errs in entering a specific dollar amount in its judgment.

The State argues that there are numerous provisions in the Texas Code of Criminal Procedure authorizing various court costs to be paid by a defendant when convicted of a felony offense. The State suggests several specific articles of the

Code of Criminal Procedure and three sections of the Local Government Code providing for fees that, if assessed against appellant, would add up to an amount of at least $339.[2] Therefore, the State maintains, the evidence is sufficient to support the $339 in court costs reflected in the judgment.

We have previously rejected this argument. In *Rogers v. State*, 402 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2013, pet. filed), we held that to affirm the judgment for costs merely because a number of statutes authorize certain costs or fees that could have been assessed against the defendant—without regard to whether they were actually assessed—would be speculative. Moreover, without any indication in the record which specific fees or costs were actually assessed, a defendant has no way to challenge their correctness on appeal or as provided under article 103.008 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 103.008 (authorizing defendant to file a motion within one year after the date of the final disposition of a case in which costs were imposed to correct any error in the costs). *Id.*

The trial court did not err in ordering appellant to pay court costs, as such costs are mandated by law, but the court did err in entering a specific dollar amount without any support in the record for that dollar amount. *See Johnson*, 389 S.W.3d at 516. Because there is no evidence in the record to support the trial court's assessment of a specific dollar amount as court costs, we sustain appellant's third issue and modify the trial court's judgment to delete the specific dollar amount of costs assessed. *See id*.; *see also Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010) (holding that sufficient evidence must support an

---

[2] *See* Tex. Code Crim. Proc. arts. 102.0045, 102.005, 102.011, 102.0169, 102.017 and Tex. Loc. Gov't Code §§ 133.102, 133.105, 133.107.

assessment of costs in a judgment).

## III. Conclusion

Having sustained appellant's third issue, we modify the judgment to delete the specific amount of court costs. Having found no reversible error otherwise, we affirm the judgment as modified.


/s/     Marc W. Brown
        Justice


Panel consists of Justices Boyce, Christopher, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).